STATE of Delaware

v.

Joseph CONYERS, Defendant.

Superior Court of Delaware,
New Castle.

Submitted Sept. 18, 1979.

Decided Nov. 26, 1979.

Eugene M. Hall, Deputy Atty. Gen., Wilmington, for the State.

Nancy Jane Mullen and David M. Lukoff, Asst. Public Defenders, Wilmington, for defendant.

BALICK, Judge.

This is the opinion on the defendant's motion for postconviction relief under Rule 35(a) on the ground that his conviction was obtained in violation of the Constitution of the United States.

The defendant was charged with murder first degree and possession of a deadly

weapon during the commission of a felony. He was tried before a jury twice. After being found guilty as charged at the first trial, he was granted a new trial on an unrelated ground. At the second trial he was found guilty of murder second degree and possession of a deadly weapon during the commission of a felony. The verdicts were affirmed on appeal. *Conyers v. State*, Del.Supr., 396 A.2d 157 (1978).

The defendant seeks a new trial on the ground that the State used illegally seized evidence. The State contends that the defendant waived this objection by not moving to suppress at trial, that the evidence in question was legally seized or would have inevitably been obtained legally, and that any error in using the evidence was harmless. The defendant counters that if the objection was waived he was not effectively assisted by counsel.

The evidence in question was seized from the defendant's bedroom. The defendant and a man named King called the police to the apartment that they shared with the victim. In the defendant's presence, King told the policeman that they found the victim dead. Assuming that the death was from natural causes, the policeman notified an ambulance. The ambulance crew discovered that the victim had been shot in the chest. At that point the police took the defendant and King to the police station for questioning and searched the apartment. In a bedroom they found papers identifying the defendant, a spent shotgun shell, a loose unspent shotgun shell, and a box of shotgun shells. Meanwhile, at the police station King told the police that after arguing with the victim, the defendant said, "I'll get you," got the shotgun from his bedroom, shot the victim, and hid the shotgun behind the house. The police then found the shotgun and arrested the defendant.

King was not available to testify at the trial. The evidence showed that the victim, highly intoxicated, was shot in the chest with a shotgun at close range while seated in the chair in the living room where he was found. The defendant's fingerprints were on the shotgun found behind the apartment. A mutual friend of the defendant and the victim testified that she had heard the defendant say that he owned a shotgun and he told her that he shot the victim but did not intend to kill him. The shells found in the bedroom were put in evidence without objection. There was expert testimony that the spent shell and loose unspent shell had at some time been loaded in the shotgun found behind the apartment, and the shells are similar to the shell that killed the victim but no conclusive identification can be made. No defense was presented. The defendant argued that the evidence is consistent with an accidental shooting and that the State had failed to prove his guilt beyond a reasonable doubt.

May a defendant collaterally attack his conviction under Rule 35(a) on the ground that illegally seized evidence was used at his trial when he did not seek to suppress the evidence by a motion filed before or at trial, as required by Rule 41(e)? *Herhal v. State*, Del.Supr., 243 A.2d 703 (1968). Rule 35(a) gives a state defendant claiming federal ground for collaterally attacking a conviction the opportunity of doing so in state court. *State v. Curran*, Del.Super., 116 A.2d 782 (1955); aff'd 122 A.2d 126 (1956), cert. denied 352 U.S. 913, 77 S.Ct. 151, 1 L.Ed.2d 120 (1956). We may therefore look to federal decisions as to when failure to comply with a contemporaneous objection rule will bar collateral attack and whether a claim of unreasonable search and seizure may be raised collaterally.

There has been a debate among the federal judiciary on whether claims of unreasonable search and seizure may be raised collaterally. *Thornton v. United States* (D.C.Cir.) 368 F.2d 822 (1966); *Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). Although the debate focuses here because of special concerns relating to the exclusionary rule, this is but one instance of the larger problem of weighing the interest in protecting the rights of persons charged with crime against the interest in finality. The controlling view at this time is that federal courts will not collaterally review claims of

unreasonable search and seizure when the defendant "has previously been afforded an opportunity for full and fair litigation of his claim in the state court." *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). In *Stone* there was a decision by the state court on the claim of unreasonable search and seizure. It is uncertain whether the federal courts would refuse to consider a search and seizure claim that was not raised and decided in the state court.

The U. S. Supreme Court is fashioning a "cause and prejudice" test to determine when failure to comply with a contemporaneous objection rule will bar collateral review. This test requires the defendant to show cause for relief from the waiver and to show prejudice from the alleged constitutional violation. Criminal Rule 12(b)(2); *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). I will assume that the federal courts will apply the "cause and prejudice" test to a claim of unreasonable search and seizure as well as to other claims of federal constitutional violation.

In attempting to show cause for relief from the waiver, defense counsel explain that at the time of the trial in November 1977 they did not believe that there was ground for suppressing the evidence in question. They first realized that there was ground for the motion in June 1978 when the U. S. Supreme Court announced its opinion in *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978).

In *Mincey* the U. S. Supreme Court struck down the Arizona Supreme Court's "murder scene exception" to the warrant requirement. *Mincey* recognizes "the right of the police to respond to emergency situations . . . making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid [or] to see if there are other victims or if a killer is still on the premises." The

defendant contends that this right does not justify the intensity of the search in the present case, since the evidence in question was seized from the drawer of a nightstand, under clothes on a chair, and behind clothes on a shelf in the closet. Although the defendant called the police to the scene, the evidence that he questioned the right of the police to search his bedroom makes consent to the search doubtful. On the other hand, in *Mincey* there was a thoroughgoing, four day search after the defendant had been arrested and the premises secured, whereas in the present case there was a less intense search before the defendant was arrested. If an immediate search of this kind involves less intrusion than securing the premises until a warrant can be obtained, it might be held to fit within the exigent circumstances exception to the warrant requirement. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

Defense counsel were not relying on specific controlling authority contrary to *Mincey*. The Supreme Court of Delaware has held warrantless searches of murder scenes to be reasonable on the basis of recognized exceptions to the warrant requirement, namely, exigent circumstances and consent, not on the basis of an independent murder scene exception. *Patrick v. State*, Del.Supr., 227 A.2d 486 (1967); *Steigler v. State*, Del.Supr., 277 A.2d 662 (1971). Although it appears in hindsight that defense counsel should have moved to suppress at trial, this was a good faith error of judgment on an unsettled point. Under these circumstances, I conclude that they have shown cause for granting relief from the waiver. I further conclude that notwithstanding counsel's failure to object to the evidence in question, "under all of the circumstances of the particular case" they afforded the defendant "genuine and effective legal representation." *Harris v. State*, Del.Supr., 293 A.2d 291 (1972); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d

785 (1970); *U. S. v. Decoster*, CA DC (en banc), 598 F.2d 311 (1979), review denied —— U.S. ——, 100 S.Ct. 302, 62 L.Ed.2d 311.

■ The defendant contends that the State has the burden of showing beyond a reasonable doubt that the error did not contribute to the verdict. *Fahy v. Connecticut*, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The cases fashioning the "cause and prejudice" test suggest that the interest in finality justifies placing the burden of showing prejudice on a defendant who failed to raise a claim timely. This is consistent with a statement of the rule in *State v. Curran*, Del.Super., 116 A.2d 782, 786 (1955): "To warrant . . . relief under Rule 35(a) there must be a showing that a retrial could reasonably be expected to result in a different verdict and judgment."

■ Thus the court must evaluate the likely impact of the error on the jury's verdict. Without the evidence in question, there is evidence that the victim was shot in the chest with a shotgun from about ten feet away inside the apartment that he shared with the defendant, that a shotgun with the defendant's fingerprints on it was found behind the apartment soon afterwards, and that the defendant admitted to a friend that he shot the victim. This evidence was neither contradicted nor explained by the defendant. The evidence found in the bedroom has no significant bearing on how the shooting happened or on the defendant's state of mind and is merely cumulative to the other evidence linking the defendant to the shooting. *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972). I am satisfied that the jury would have reached the same verdict if the evidence found in the bedroom had been suppressed. The defendant's motion for postconviction relief is therefore denied.