**Joseph CONYERS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 16, 1980.

Decided Oct. 7, 1980.

Nancy Jane Mullen (Argued), Asst. Public Defender, Wilmington, for defendant below, appellant.

Charles M. Oberly, III (Argued), Asst. State Pros., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, McNEILLY and QUILLEN, Justices.

PER CURIAM:

Following convictions of Murder Second Degree and Possession of a Deadly Weapon During the Commission of a Felony and affirmance by this Court on direct appeal, *Conyers v. State*, Del.Supr., 396 A.2d 157 (1978), the defendant moved for postconviction relief under Superior Court Criminal Rule 35(a). The motion was denied and this appeal followed. The procedural and factual background of this case are fully set forth in the Trial Judge's opinion below, Del.Super., 413 A.2d 1264 (1979), and will not be reiterated herein. We affirm.

We agree with the Trial Court that the threshold issue is whether the defendant may "collaterally attack his conviction un-

der Rule 35(a) on the ground that illegally seized evidence was used at his trial when he did not seek to suppress the evidence by a motion filed before or at trial, as required by Rule 41(e)." 413 A.2d at 1265. The Superior Court properly viewed Rule 41(e) as a "contemporaneous objection" rule, see *State v. Herhal*, Del.Super., 307 A.2d 553 (1973), and elected to follow federal precedents to determine whether collateral review of the Fourth Amendment claim should be barred on account of the defendant's failure to interpose a timely objection as required by the Rule.

Specifically, the Trial Court adopted the test applied by the United States Supreme Court in determining when federal habeas corpus review under 28 *U.S.C.* § 2254 will be denied to state convicts who had failed to properly preserve their federal law claims under the state's contemporaneous objection rule. See *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Under this test the defendant must show cause for relief from his failure to enter a proper objection in the trial court and actual prejudice resulting from the alleged constitutional violation. We believe that the cause and prejudice test gives proper deference to the important State interests sought to be advanced by Rule 41(e)'s contemporaneous objection requirement, *id.*, 433 U.S. at 88–90, 97 S.Ct. at 2507–08, 53 L.Ed.2d at 609–10, while affording an adequate safeguard that the Rule will not be permitted to result in a miscar-

riage of justice to a defendant who has failed to comply therewith. *Id.*, 433 U.S. at 90–91, 97 S.Ct. at 2508, 53 L.Ed.2d at 610.

Applying the cause and prejudice test to the facts of this case, the Trial Court determined that the defendant was not entitled to relief. The court determined that the failure of defense counsel to object to the allegedly inadmissible evidence at trial was due to "a good faith error of judgment on an unsettled point" of law, 413 A.2d at 1266, and that this established sufficient cause for relief from the failure to comply with Rule 41(e).[1] However, the court further determined that the evidence complained of was merely cumulative to other evidence linking the defendant with the crimes. Therefore, the Trial Judge concluded that the defendant had failed to establish actual prejudice flowing from the admission of this evidence, since even without such evidence there was no reasonable possibility that the jury would have reached a different verdict. 413 A.2d at 1267. We find no error in these determinations by the Trial Court.[2]

\* \* \* \* \* \*

AFFIRMED.

---

1. We also agree with the Trial Court that under the circumstances of this case defense counsel at trial afforded the defendant genuine and effective legal representation.

2. The Trial Court's determination obviated the need to consider the merits of the defendant's

Fourth Amendment claim which was premised on the decision in *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). We likewise do not reach this claim and express no opinion as to the legality of the search at issue in this case.