Johnnie B. JOHNSON, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted on Briefs: April 18, 1983.

Decided: May 5, 1983.

Johnnie B. Johnson, pro se.

John A. Parkins, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C.J., McNEILLY and HORSEY, JJ.

McNEILLY, Justice:

In 1979 defendant was convicted of Murder Second Degree and Possession of a Deadly Weapon During the Commission of a Felony. This conviction was appealed to this Court on the sole ground that certain statements were improperly admitted in that they were hearsay. On December 4, 1981 this Court in an unpublished Order rejected defendant's argument and affirmed the conviction.

Late in 1982 defendant, acting *pro se,* moved pursuant to Superior Court Criminal Rule 35(a) for postconviction relief. Defendant challenged the admission into evidence of his statement given to police prior to trial. Defendant argues that he gave the statement because his attorney advised him that he would get low bail if he gave the police a statement. On December 17, 1982 the Superior Court denied defendant's motion. In his decision the Superior Court Judge noted that the very issue presented herein was challenged and ruled upon at a suppression hearing prior to defendant's original trial.

A threshold issue we must consider is what standard of review should be employed where a defendant collaterally attacks his conviction under Rule 35(a) on the ground that an alleged involuntary statement was used at trial when he objected to its admission at a suppression hearing but did not raise the issue on appeal. In *Conyers v. State,* Del.Supr., 422 A.2d 345 (1980) this Court held that where the defendant failed to make an objection at trial he must when seeking post-conviction relief show cause for relief from his failure to enter a proper objection in the Trial Court and actual prejudice resulting from the alleged constitutional violation. We now extend the cause and actual prejudice test to the situation where the issue raised in the Rule 35(a) motion was raised at trial, but not raised on direct appeal. We do so for two reasons.

First is the interest in the finality of criminal litigation. As the United States Supreme Court has stated:

"... both the included criminal defendant and society have an interest in insuring that there will at some point be the certainty that comes with an end to litigation, and that attention will ultimately be focused not on whether a conviction was free from error but rather on whether the prisoner can be restored to a useful place in the community." *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 1571 [71 L.Ed.2d 783] (1982) citing *Sanders v. United States,* 373 U.S. 1, 24–25, 83 S.Ct. 1068, 1081–82 [10 L.Ed.2d 148] (1963) (Harlan, J., dissenting).

Our second reason for adopting the cause and actual prejudice test to the instant facts is based on 10 *Del.C.* § 147 which mandates that this Court's jurisdiction is limited to cases in which a notice of appeal is filed within thirty days of the date of judgment. Unless some type of extraordinary showing is required, a defendant by virtue of Rule 35 will be able to render § 147 meaningless by raising issues which should have been raised in his direct appeal. We believe that the cause and actual preju-

dice test gives proper deference to the important State interests of finality and those interests underlying § 147, while affording an adequate safeguard which will not permit a miscarriage of justice. *Conyers v. State,* supra at 346; *Wainwright v. Sykes,* 433 U.S. 72, 90–91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977).

Applying the cause and actual prejudice test to defendant's instant petition we find his petition without merit. At his trial the Superior Court conducted a suppression hearing in which the defendant challenged the admissibility of his statement to the police. In his brief on direct appeal defendant's statement of facts contains a recitation of the facts surrounding the giving of his statement, yet no argument was made concerning involuntariness was made to this Court. This indicates to us that defendant's counsel deliberately chose to forego raising this issue. On these facts we can find no cause for defendant's not raising the voluntariness of his statement on appeal.

Even assuming there was sufficient cause for defendant's failure to raise voluntariness on direct appeal, defendant has suffered no actual prejudice. The evidence at trial, without the statement, overwhelmingly pointed to defendant's guilt. Testimony was illicited from one Preston Evans that the defendant admitted to shooting the victim. Police Officer John Capuano testified that the victim told him that the defendant shot him. In fact, defendant argued at trial that the killing was done in self defense, and in this regard the challenged statement was exculpatory in nature. On these facts it is clear that the statement was cumulative evidence, it was exculpatory and as such defendant has suffered no actual prejudice. We perceive no risk of fundamental miscarriage of justice in this case. See *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

For the above stated reasons, the judgment of the Superior Court is

\* \* \* \* \* \*

AFFIRMED.