Robert H. SAUNDERS, Petitioner
Below, Appellant,

v.

STATE of Delaware, Respondent
Below, Appellee.

Supreme Court of Delaware.

Submitted: May 7, 1984.
Decided: May 23, 1984.
Rehearing Denied Sept. 29, 1989.

Edmund D. Lyons, Jr. of Ferrara, Lyons & Purzycki, Wilmington, for appellant.

John A. Parkins, Jr. and Kevin O'Brien (argued), Deputy Attys. Gen., Wilmington, for appellee.

Before HERRMANN, C.J., HORSEY and CHRISTIE, JJ.

PER CURIAM:

This case arises from a collateral attack on defendant's convictions. Two issues are raised: 1) the impropriety of remarks made

by the prosecutor to the jury vouching for the reliability of a State's witness, and 2) erroneous sentencings.

A Superior Court jury found appellant guilty of murder first degree, conspiracy first degree, possession of a deadly weapon during the commission of a felony, burglary third degree, theft (felony), and conspiracy second degree. These charges arose from the murder of Joseph L. "Spoon" Johnson which occurred on Delaware Route 9, River Road, four miles north of Delaware City. The jury found that the murder followed the burglary of a bank in Delaware City and that appellant and four others took part in these crimes.

After the convictions, the State moved to have appellant declared an habitual criminal under the provisions of 11 *Del.C.* § 4214(a)[1] and as a result, the Superior Court sentenced appellant to be imprisoned for life, without benefit of probation or parole, on each of the offenses, including murder first degree. The court's order further provided that the life sentences were to be served concurrently.

A direct appeal was taken to the Delaware Supreme Court, and the Court affirmed each of appellant's convictions. *Saunders v. State*, Del.Supr., 401 A.2d 629 (1979), *cert. denied*, 449 U.S. 845, 101 S.Ct. 128, 66 L.Ed.2d 54 (1980).

In the post-appeal proceeding which gives rise to the appeal presently before this Court, Superior Court appointed defense counsel. The Superior Court denied relief to appellant, and a notice of appeal was filed on appellant's behalf.

**I**

■ We find that appellant is not in a position to show that he was deprived of due process of law on account of the remarks of the prosecutor even though the prosecutor improperly vouched for the credibility of one of the State's witnesses. We agree with the Superior Court that the prosecutor did improperly vouch for his witness by implying that he possessed some superior knowledge beyond that logically inferred from the evidence presented at trial. The prosecutor also implied that a subsequent investigation somehow confirmed that the witness testified truthfully by stating, "He told something that was subsequently verified by other people." The implication from this statement was that the prosecutor possessed personal knowledge that the witness had testified truthfully. This constitutes improper vouching. *See Lawn v. U.S.*, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); *U.S. v. Roberts*, 618 F.2d 530 (9th Cir.1980).

■ In order for the appellant to be entitled to a post-conviction remedy on account of such an error, he must present a satisfactory explanation or cause for his failure to object to the improper vouching during trial, and he must demonstrate that the alleged error caused actual prejudice. *Wainwright v. Sykes*, (1977), 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Conyers v. State*, Del.Supr., 422 A.2d 345 (1980). This test is now referred to as the "cause and prejudice test".

■ Although appellant failed to object to the prosecutor's statements made during closing argument at trial and did not request a limiting instruction, he now takes the position that the failure to object should be excused because the failure was due to "a good faith error of judgment on an unsettled point of law." He maintains an error of judgment of this type was found to constitute a sufficient excuse in the *Conyers* case. However, at the time of appellant's trial in 1976, the law was well settled in respect to an attorney's duty to avoid improperly vouching for his witness-

---

1. 11 *Del.C.* § 4214. *Habitual criminal; life sentence*

(a) Any person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b) of this section, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such fourth or subsequent conviction is had, in imposing sentence, may, in its discretion, impose a life sentence upon the person so convicted.

**625**

es. *Lawn, supra; U.S. v. Miceli,* 446 F.2d 256 (1st Cir.1971).

■ Appellant also contends that the tradition in Delaware is that the Bar is extremely reluctant to object during an opponent's final argument. This argument is not persuasive here. When an objection may be made during an opponent's closing argument, appropriate objection must be made promptly. *Craig v. State,* Del.Supr., 457 A.2d 755 (1983).

■ Appellant has also failed to show actual prejudice flowing from the prosecutor's improper statements. Appellant argues that a showing of "actual prejudice" simply requires a showing that he suffered something more than harmless error, and that he need merely show that but for the error there was a possibility of a different verdict. We disagree. This Court has made it clear that actual prejudice must be shown. *Johnson v. State,* Del.Supr., 460 A.2d 539 (1983). Appellant must assume the burden of showing that the alleged errors not only created a possibility of prejudice, but that the errors worked to his actual substantial disadvantage rendering the trial improper under constitutional standards. *U.S. v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Appellant has not met the "cause and prejudice" standard in this case, and we find no error in the trial court's denial of post-conviction relief.

## II

■ Appellant's second assertion of error is that he was improperly sentenced to six concurrent life sentences without benefit of probation or parole under 11 *Del.C.* § 4214(a). It was properly determined that appellant was an habitual offender pursuant to § 4214(a) insofar as that statute applied to the convictions other than the murder conviction. However, he was given six life sentences without benefit of probation or parole, even though that subsection does not provide that the life sentences given pursuant thereto shall be without benefit of probation or parole. The imposition of those sentences under that statute constituted error. However, we agree with the trial court that the errors were harmless. Appellant had been convicted of murder first degree and as to that charge, the law required that he be sentenced to life imprisonment without benefit of probation or parole. 11 *Del.C.* § 4209. Appellant thus received the sentence which he would have received if he had been properly sentenced pursuant to § 4209. As to the five sentences properly imposed under § 4214(a), the improper restriction as to probation and parole will be stricken.

\* \* \* \* \* \*

The case will be remanded to Superior Court for correction of the sentences so that appellant is sentenced under 11 *Del.C.* § 4209 on the murder charge and that portion of the other five sentences which provides that the life sentence shall be without probation or parole is to be stricken.

The other rulings of the Superior Court are affirmed.