**Milton J. ONEY, Jr.,
Defendant-Appellant,**

v.

**STATE of Delaware, Plaintiff-Appellee.**

Supreme Court of Delaware.

Submitted: Aug. 1, 1984.
Decided: Sept. 27, 1984.

Milton Joseph Oney, Jr., defendant-appellant, pro se.

Gary A. Myers, Deputy Atty. Gen., Georgetown, for plaintiff-appellee.

Before McNEILLY, HORSEY and CHRISTIE, JJ.

PER CURIAM.

Defendant, Milton J. Oney, Jr., acting *pro se*, appeals Superior Court's denial, without evidentiary hearing, of his Rule 35(a) motion for post-conviction relief. At issue is application of the cause and prejudice rule to a collateral attack upon a conviction affirmed on direct appeal.

The sole question presented is whether defendant's station-house confession was improperly admitted at trial as a result of police "interrogation" in violation of defendant's Fifth Amendment and *Miranda* rights. The interrogation took the form of the police displaying to defendant, following his arrest, articles of his clothing which matched the store clerk-victim's description of the clothing worn by the robber. Upon

being shown the clothing, defendant confessed to having been the perpetrator of the robbery.

In January, 1981, defendant was convicted in a Superior Court jury trial of three counts of Robbery in the First Degree and of related weapons offenses. Thereafter, defendant was sentenced as an habitual criminal under 11 *Del.C.* § 4214 to life imprisonment for one of the three robbery convictions and a consecutive term of ten years imprisonment on two of the three weapons convictions. On direct appeal to this Court, defendant challenged only the imposition of a life sentence under 11 *Del.C.* § 4214; and the sentence was affirmed by this Court in *Oney v. State,* Del.Supr., 446 A.2d 389 (1982).

In a prior Rule 35 post-conviction proceeding, this Court rejected defendant's contention that his stationhouse confession was obtained in violation of his *Fourth* Amendment rights because it was the fruit of an illegal arrest or detention. *Oney v. State,* Del.Supr., 474 A.2d 141, Horsey, J. (1983) (ORDER). We did so for failure of defendant to timely raise below his *Fourth* Amendment defense. However, this Court declined "to consider defendant's contention that his stationhouse statements were involuntary and obtained in violation of his *Miranda* and Fifth Amendment rights."

Defendant then instituted this, his *second* postconviction relief proceeding, contending that his confession was obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), for the reasons previously stated. Superior Court denied defendant's motion without evidentiary hearing.

The trial record discloses that the basis for defendant's motion to suppress his confession was his assertion that he made "no admissions of any sort to the police." At the suppression hearing, defendant testified that he had never been questioned about the robberies by the arresting officer; and he denied making any admission *of having* committed the robberies for which he was charged.

■ Defendant not having raised a *Miranda* objection at trial, the Trial Court was under no obligation to conduct an evidentiary hearing as to *Miranda* warnings and waiver. *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–2507, 53 L.Ed.2d 594 (1977). Nevertheless, at the suppression hearing, the issue was raised whether defendant's confession was given voluntarily. Although the issue was raised by the Trial Court, defendant failed to raise it on direct appeal to this Court. We apply our ruling in *Johnson v. State,* Del.Supr., 460 A.2d 539 (1983). In order for the defendant to collaterally attack his conviction under Rule 35(a) on the ground that his confession was obtained in violation of his *Miranda* rights, he must show cause for relief from his failure to raise the voluntariness issue on direct appeal and actual prejudice resulting from the alleged constitutional violation. *See Saunders v. State,* Del.Supr., No. 268, 1983, Per Curiam (May 23, 1984). *Accord United States v. Frady,* 456 U.S. 152, 167–170, 102 S.Ct. 1584, 1594–1595, 71 L.Ed.2d 816 (1982).

■ Given that the issue was raised at trial but no argument concerning voluntariness was included in defendant's brief on direct appeal, we must conclude that defendant's counsel deliberately chose not to raise the issue. On direct appeal, defendant challenged only the imposition of the life sentence. We can find no cause for defendant's failure to raise the issue of voluntariness upon appeal.

■ Assuming, however, that cause for relief existed, there is no indication based upon the evidence adduced at trial that defendant suffered any actual prejudice. At the suppression hearing, substantial uncontradicted evidence was brought forth: (a) that defendant was given his *Miranda* rights before questioning; (b) that defendant made a voluntary and informed waiver of his right to remain silent and his right to have counsel present; and (c) that defendant neither invoked his right to remain silent nor requested the presence of coun-

sel. Hence, *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975); and *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) are inapposite. Finally, defendant took the stand at trial and simply denied that he had made any incriminating stationhouse statement to the police. Nor did defendant testify that he had not been advised of his Fifth Amendment rights or that he had informed the police at the stationhouse that he did not wish to be questioned.

■ The law is also clear that the exhibition of potentially incriminating evidence to an accused does not in itself render an incriminating statement involuntary. *Vines v. State,* Md.Ct.App., 285 Md. 369, 402 A.2d 900, 905–07 (1979); *Cf. Frazier v. Cupp.,* 394 U.S. 731, 737–40, 89 S.Ct. 1420, 1423–1425, 22 L.Ed.2d 684 (1969). There being substantial evidence that defendant was adequately advised of his Fifth Amendment rights and that defendant knowingly and voluntarily waived such rights, the police were not precluded from the custodial interrogation complained of. *New York v. Quarles,* — U.S. —, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984).

■ Defendant's additional contention that the Trial Court violated his Sixth and Fourteenth Amendment Constitutional rights by failing to submit to the jury the question pertaining to the voluntariness of his confession is without merit. This issue was determined by the Court in *Flamer v. State,* Del.Supr., No. 60, 1980, McNeilly, J. (Feb. 7, 1983). In *Flamer,* we held there is no constitutional right to have the factual issue of voluntariness submitted to a jury after the Trial Court has ruled that the confession was given voluntarily.

Defendant's remaining related contentions are clearly without merit.

\*  \*  \*

Affirmed.