IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VERNON CEPHAS, | § | |
| | § | No. 12, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1503005476 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 20, 2017
Decided: July 18, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

**O R D E R**

This 18th day of July 2017, upon consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)   In 2015, the appellant, Vernon Cephas, was arrested for having allegedly committed sexual offenses against his girlfriend's seven-year old niece, Theresa.[1]  Following his arrest, Cephas was indicted on charges of Rape First Degree, Rape Second Degree, Sexual Solicitation of a Child, and Continuous Sexual Abuse of a Child.  Following a four–day jury trial in September 2016, Cephas was

---

[1] The Court has chosen a pseudonym to protect the identity of the complaining witness.  Del. Supr. Ct. R. 7(d).

convicted of four counts of Unlawful Sexual Contact First Degree (as lesser included offenses of the first degree rape charges) and the other counts in the indictment. After a presentence investigation, the Superior Court sentenced Cephas to a total of seventy-nine unsuspended years of Level V imprisonment. This is Cephas' direct appeal.

(2) Cephas' Appellate Counsel has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c). Appellate Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Appellate Counsel provided Cephas with a copy of the motion to withdraw and the no-merit brief in draft form and advised Cephas that he could submit written points for the Court's consideration. Cephas submitted written points and he opposes the motion to withdraw. The State has filed a response to Cephas' points and has moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[2] The Court

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

also must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(4) In this case, the record reflects that, near the end of February 2015, Theresa told her mother that Cephas had been molesting her. Theresa's mother reported the alleged abuse to the child's pediatrician on March 3, 2015. After talking to Theresa and conducting a physical examination, the pediatrician referred Theresa and her mother to the hospital, where Theresa was seen by a sexual assault nurse examiner. On the 11th of the same month, Theresa was interviewed by a forensic interviewer at the Child Advocacy Center. After the interview, Detective Mark Csapo of the Delaware State Police applied for, and was granted, a warrant for Cephas' arrest.

(5) Later that day, the police arrested Cephas at his home. After knocking on the door and receiving no response, the police were approached by a juvenile male who allowed them into the home after telling the police that he lived there and that Cephas was inside. When entering the residence, the police announced their presence several times but received no response. The police found Cephas standing in a bedroom closet that was partially closed.

---

[3] *Penson v. Ohio*, 488 U.S. at 82.

(6)     After Cephas was placed under arrest, he was taken to State Police Troop 3 where he was given *Miranda* warnings by Detective Csapo.[4]  After the warnings were given, Cephas indicated that he wanted to answer the Detective's questions.  During the interrogation that followed, Cephas denied some of the accusations, but admitted others.

(7)     In July 2016, Defense Counsel filed a motion to suppress Cephas' statement on the ground that Cephas' waiver of *Miranda* rights was involuntary. The Superior Court held an evidentiary hearing in early August and issued an order denying the motion to suppress.[5]

(8)     On the first day of trial in September 2016, Defense Counsel moved to reopen the suppression motion to present grounds for suppression that were not previously raised.  The additional grounds for suppression were, first, that Cephas had invoked his right to remain silent during the interrogation, and second, that there were possible defects in the timing of the arrest warrant that could render his arrest illegal.  The Superior Court denied the motion to reopen after finding "no extraordinary circumstances or good cause" to consider grounds for suppression that

---

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).
[5] *State v. Cephas*, 2016 WL 4409550 (Del. Super. Aug. 16, 2016).

Defense Counsel could have raised in the motion to suppress or at the evidentiary hearing.[6]

(9) On appeal, Cephas claims that the Superior Court erred when denying the motion to suppress and the motion to reopen the motion to suppress. Cephas also claims that: (1) evidence should have been suppressed because of a defect in the application for the arrest warrant; (2) there was insufficient evidence to support his convictions; (3) there were errors in the jury instructions; (4) the prosecutor engaged in improper vouching; (5) the Superior Court was biased; and (6) Defense Counsel was ineffective. Because this is Cephas' direct appeal, we will not consider the claim of ineffective assistance of counsel.[7] To the extent the claims were not fairly presented in the Superior Court, our review is limited to plain error.[8]

(10) In his first claim on appeal, Cephas argues that the Superior Court should have suppressed his statement to the police on the ground that his waiver of *Miranda* rights was involuntary. When determining the validity of a waiver of *Miranda* rights, the Superior Court first must consider whether, under the totality of the circumstances, the waiver was a free and deliberate choice, rather than one made

---

[6] Trial Tr. at A-11 (Sept. 7, 2016).
[7] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).
[8] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986). Plain error is error "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process." *Id.*

under intimidation, coercion, or deception, and second, whether the waiver was made with a full understanding of the nature of *Miranda* rights and the consequences of abandoning them.[9] Because the Superior Court's determination of the voluntariness of a *Miranda* waiver is typically based on case-specific factual findings, this Court will not disturb the determination when there is sufficient evidence in the record to support it.[10] In this case, the Superior Court conducted a thorough inquiry into Cephas' waiver of *Miranda* rights—which was captured in a video recording—and specifically addressed each of the grounds Cephas argued to support his motion, before concluding that his statement was made voluntarily and was not "forced or coerced by physical or psychological pressure."[11] Sufficient evidence in the record supports the court's findings and conclusions.

(11) In his second claim on appeal, Cephas contends that the Superior Court erred when denying the motion to reopen the motion to suppress. The claim is without merit. The Superior Court properly determined that the motion to reopen was, in effect, an attempt to seek reargument on the original motion to suppress, by raising new arguments that should have, but were not, raised in his original timely

---

[9] *Bennett v. State*, 2010 WL 987025, *3 (Del. Mar. 18, 2010) (citing cases).
[10] *Hanna v. State*, 591 A.2d 158, 165 (Del. 1991) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973)).
[11] *State v. Cephas*, 2016 WL 4409550, *3.

motion to suppress. Absent exceptional circumstances, the Superior Court is not required to consider an untimely motion to suppress.[12] On appeal, Cephas has not demonstrated, and the record does not reflect, that exceptional circumstances prevented Defense Counsel from raising all of the grounds for suppression in the motion to suppress filed in July 2016. The Superior Court's denial of the motion to reopen was a proper exercise of the court's broad discretion to enforce its rules of procedure and pretrial orders.[13] On appeal, Cephas also argues that his statement should have been suppressed because he was arrested before the warrant issued. A similar claim was raised in the motion to reopen, which was properly denied as untimely. This Court will not consider the claim on appeal.

(12) In his third claim on appeal, Cephas argues that his statement should have been suppressed because of a deficiency in the application for the arrest warrant. This argument was not raised below. On plain error review, the claim is without merit. The record reflects that the Child Advocacy Center interview with Theresa provided sufficient information to support an independent judgment that there was probable cause for the warrant.[14]

---

[12] *Small v. State*, 2015 WL 71631, *3 (Del. Jan. 5, 2015).
[13] *Miller v. State*, 2010 WL 3328004, *2 (Del. Aug. 24, 2010).
[14] *Thomas v. State*, 467 A.2d 954, 956 (Del. 1983).

(13) Cephas' fourth claim on appeal challenges the jury instructions. First, Cephas argues that the jury instruction on "evasion of arrest" was not supported by the evidence. The claim is without merit. When the argument was made at trial, the Superior Court determined, and we agree, that the trial testimony was sufficient to support a reasonable inference that Cephas concealed himself in the bedroom closet because of consciousness of guilt and therefore a jury instruction on evasion of arrest was warranted.[15] Second, Cephas claims for the first time that the jury instruction "for 3507 statement" was "inadequate."[16] Because he did not raise this vague argument below, we review the record only for plain error. Under 11 *Del. C.* § 3507, "the voluntary out-of-court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value."[17] In this case, the Superior Court properly admitted Theresa's videotaped Child Advocacy Center interview into evidence under § 3507 and properly instructed the jury members that they must "decide whether an out-of-court statement is credible or believable and how much weight it should be given."[18]

---

[15] *Robertson v. State*, 41 A.3d 406, 409 (Del. 2012).
[16] *See* 11 *Del. C.* § 3507 (governing use of prior statement as affirmative evidence).
[17] *Id.*
[18] Trial Tr. at D-20 (Sept. 13, 2016).

Cephas has not demonstrated, and the record does not reflect, plain error in the § 3507 jury instruction.

(14) In his fifth claim on appeal, Cephas contends that the prosecutor engaged in improper vouching. "Improper vouching occurs when a prosecutor implies that he or she has superior knowledge, beyond that logically inferable from the evidence, that a witness has testified truthfully."[19] But, Cephas fails to identify any statements in the record that support his claim of improper vouching. In fact, the record reflects one instance when the Superior Court interrupted the direct examination of Detective Csapo[20] specifically out of concern that some of the questions presented to him "should [might] have been reasonably expected to have elicited potential vouching with regard to the truth or falsity of the defendant's statement."[21] The Trial Judge's *sua sponte* interruption of the testimony was an appropriate use of the court's discretion and prevented the possibility of Detective Csapo giving an impermissible opinion on the veracity of Cephas' statement.[22]

(15) In his sixth claim, Cephas argues that the lack of physical evidence should have resulted in his acquittal at trial on the basis of insufficient evidence. In

[19] *Quirico v. State*, 2004 WL 220328, *4 (Del. Jan. 27, 2004) (citing *Saunders v. State*, 602 A.2d 623, 624 (Del. 1984)).
[20] Trial Tr. at C-88–89 (Sept. 12, 2016).
[21] *Id.* at C-113.
[22] *Richardson v. State*, 43 A.3d 906, 910 (Del. 2012).

the absence of a motion for a directed verdict or judgment of acquittal below, we review the claim for plain error.[23]  An alleged victim's identification of the defendant as the perpetrator, even in the absence of physical evidence linking the defendant to the crime, constitutes sufficient evidence to support the defendant's conviction of a sexual crime as long as the alleged victim's testimony establishes every element of the offense charged.[24]  In this case, Theresa's in-court testimony, out-of-court statement, and Cephas' partial confession were sufficient to establish the elements of the offenses for which Cephas was convicted.

(16)  In his seventh and last claim on appeal, Cephas contends that the Superior Court was biased against him because the Trial Judge did not appoint him new counsel despite knowing of "the obvious disconnect" between Cephas and Defense Counsel.  Cephas offers no evidence to support his claim of judicial bias or impartiality, and the record reveals no such bias.  The record reflects that the Trial Judge accommodated Cephas' requests to continue the trial so that Cephas could hire private counsel to replace Defense Counsel.  Then, when Cephas was unable to hire counsel, the Trial Judge continued the trial a third time to give Defense Counsel time to prepare for trial.  Also, during the suppression hearing, when Defense

---

[23] *Bessicks v. State*, 2017 WL 1383760, *2 (Del. April 13, 2017) (citing *Swan v. State*, 820 A.2d 342, 358 (Del. 2003)).
[24] *Philhower v. State*, 2016 WL 6407472, **2 (Del. Oct. 28, 2016).

Counsel informed the Trial Judge that Cephas had written her a note saying that he wanted to proceed *pro se*, the Trial Judge addressed Cephas' concern and gave him the option to proceed through the required colloquy.[25] Cephas chose to stay with Defense Counsel.[26]

(17)  The Court conducted "a full examination of all the proceedings" in the Superior Court and found "no nonfrivolous issue for appeal."[27]  Also, we are satisfied that Appellate Counsel made a conscientious effort to examine the record and the law and properly determined that Cephas could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[25] Hr'g Tr. at 12–13 (Aug. 4, 2016).
[26] *Id.* at 13.
[27] *Penson v. Ohio*, 488 U.S. at 80.