IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAMON RUFFIN, | § | |
| | § | No. 367, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1312005545A (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 21, 2018
Decided: February 19, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

**O R D E R**

This 19th day of February 2019, upon consideration of the brief under Supreme Court Rule 26(c), appellate counsel's motion to withdraw, and the State's response, it appears to the Court that:

(1) This is the appellant Ramon Ruffin's appeal from the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61. The underlying charges stemmed from a 2013 attempted armed robbery, during which the robber struck the victim in the head with a handgun before fleeing in a white minivan. After a police chase, the driver of the van—Ruffin—and a backseat passenger, Wilbur Doughty, were apprehended and taken into custody. Doughty was released after questioning. Ruffin was indicted in 2014 and tried on

charges of attempted robbery, assault, aggravated menacing disregarding a police officer's signal, and weapon offenses. Neither Ruffin nor Doughty testified at Ruffin's trial.

(2) Ruffin's defense at trial admitted that Ruffin was the driver of the white minivan but denied that he committed the attempted robbery and assault and suggested that it was Doughty who did. The jury found differently and convicted Ruffin of the charged offenses. On direct appeal, we affirmed Ruffin's convictions.[1]

(3) Ruffin filed a timely *pro se* motion for postconviction relief based on claims of ineffective assistance of counsel and prosecutorial misconduct. The Superior Court appointed postconviction counsel for Ruffin. Postconviction counsel did not amend the postconviction motion.

(4) After obtaining an affidavit from Ruffin's trial counsel addressing the allegations of ineffective assistance of counsel, the State's response to the postconviction motion, and replies filed by Ruffin and his postconviction counsel, a Superior Court Commissioner issued a report recommending that the postconviction motion should be denied.[2] By order dated June 14, 2018, upon a *de novo* review of the record, the Superior Court adopted the Commissioner's report and recommendation and denied the postconviction motion. This appeal followed.

---

[1] *Ruffin v. State*, 131 A.3d 295 (Del. 2015).
[2] *State v. Ruffin*, 2018 WL 2202278 (Del. Super. Ct. Comm'r May 9, 2018).

(5)     On appeal, postconviction counsel has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c).  Postconviction counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.

(6)     In a written response to postconviction counsel's brief and motion, Ruffin asks us to consider claims of ineffective assistance of counsel based on his trial counsel's failure to move for a mistrial in a timely fashion and to request an evidentiary hearing on the issue of tainted in-court identifications.  Also, in a claim of ineffective assistance of counsel that was not raised in the postconviction motion, Ruffin contends that his trial counsel was ineffective when he failed to request that the gun seized from the minivan be submitted for DNA testing.  Finally, Ruffin claims that the prosecutor's closing argument improperly vouched for statements that Doughty made to the police before he was released.

(7)     When reviewing the Superior Court's denial of postconviction relief on appeal, we consider the procedural requirements of Rule 61 before addressing any substantive issues.[3]  Rule 61(i)(3) provides that any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is barred unless the movant can establish cause for relief from the procedural default and prejudice

---

[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

from a violation of the movant's rights.[4] To establish cause, the movant must demonstrate that an external impediment prevented him from raising the claim earlier.[5] To establish prejudice, the movant must show actual prejudice resulting from the alleged error.[6]

(8)    Ruffin failed to raise his prosecutorial misconduct claim on direct appeal, and we can find neither cause for failure to raise the claim nor prejudice from the alleged error. The prosecutor is entitled to argue all legitimate inferences of guilt that flow from the evidence presented at trial.[7] "Improper vouching occurs when a prosecutor implies that he or she has superior knowledge, beyond that logically inferable from the evidence."[8] In this case, the prosecutor's closing arguments concerning Doughty's lack of involvement in the planning and commission of the attempted robbery, assault, and other offenses, were all permissible inferences from the evidence presented at trial. Ruffin's prosecutorial misconduct claim is barred under Rule 61(i)(3).

(9)    To prevail on a claim of ineffective assistance of counsel, a movant must prove that his trial counsel's performance was objectively unreasonable and

[4] Del. Super. Ct. Crim. R. 61(i)(3).
[5] *Younger*, 580 A.2d at 556.
[6] *Id.*
[7] *Hughes v. State*, 437 A.2d 559, 567 (Del. 1981).
[8] *Saunders v. State*, 602 A.2d 623, 624 (Del. 1984).

4

that his defense was prejudiced as a result.[9] A movant asserting a claim of ineffective assistance must make concrete allegations of actual prejudice to substantiate the claim.[10] Although there is a strong presumption that counsel's representation was professionally reasonable,[11] there is no need to analyze whether an attorney performed deficiently if the alleged deficiency did not prejudice the movant.[12]

(10) Ruffin cannot demonstrate that he was prejudiced by his trial counsel's failure to request that the gun recovered from the minivan be submitted for DNA testing. Because Ruffin did not raise this claim in the postconviction motion, we reviewed the claim for plain error.[13] Plain error is error that is "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial."[14]

(11) In this case, forgoing DNA testing of the gun seized from the minivan protected Ruffin in the event the results were incriminating and, as illustrated in this case, provided his defense with an argument of insufficient evidence based on the State's failure to produce the test results.[15] A decision made in pursuit of reasonable

---

[9] *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)
[10] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[11] *Strickland*, 466 U.S. at 689.
[12] *Laster v. State*, 2019 WL 507683 (Del. Feb. 8, 2019) (citing *Ploof v. State*, 75 A.3d 811, 825 (Del. 2013); *Strickland*, 466 U.S. at 697)).
[13] Del. Supr. Ct. R. 8. *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[14] *Wainwright*, 504 A.2d at 1100.
[15] Hr'g Tr. at 56–58 (Oct. 28, 2014).

trial strategy does not constitute ineffective assistance of counsel.[16] Under plain error review, Ruffin's ineffective assistance of counsel claim is without merit.

(12) Finally, the Superior Court did not err when concluding that Ruffin's postconviction motion failed to show that his trial counsel was ineffective. Ruffin raised the tainted in-court identifications and the denial of his motion for mistrial as issues on direct appeal without success. Having failed to prevail on the merit of the claims on direct appeal, Ruffin cannot succeed on the claims now by reframing them as grounds for ineffective assistance of counsel.

(13) After careful consideration of the parties' positions on appeal, we conclude that the judgment denying Ruffin's postconviction motion should be affirmed. We are satisfied that postconviction counsel made a conscientious effort to examine the record and the law and properly determined that Ruffin could not raise a meritorious claim in this appeal.[17]

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/Gary F. Traynor*
Justice

---

[16] *Allison v. State*, 2010 WL 3733919 (Sep. 24, 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

[17] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).