**SUPERIOR COURT
OF THE
STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted: October 14, 2022
Decided: November 30, 2022

Mr. Robert H. Saunders
SBI# 052590
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Todd E. Conner, Esquire
Chief Deputy
Dawn M. Williams, Esquire
Assistant Public Defender
Office of Defense Services
Carvel State Office Building
820 North French Street, Third Floor
Wilmington, Delaware 19801

Brian J. Robertson, Esquire
Deputy Attorney General
Department of Justice
820 N. French Street, Seventh Floor
Wilmington, Delaware 19806

RE:     *State v. Robert H. Saunders*
        I.D. No.  89008879DI
        Request for Certificate of Eligibility under 11 *Del. C.* § 4214(f)

Dear Mr. Saunders and Counsel:

The Court has before it Mr. Saunders' filing docketed October 14, 2022, through which he, *pro se*, essentially requests a certificate of eligibility to seek review of his sentence under Title 11, Section 4214(f) and that the Court appoint him counsel to seek § 4214(f) relief.[1]  In Mr. Saunders' filing, he says he should be eligible for such sentencing relief because:  "[He] has been incarcerated since April 26, 1976 on [a] charge of first degree murder.  [He] was never sentenced on the murder conviction, received six life sentences, which [the] Delaware Supreme Court reversed five, and [as a] result 4214(b) was illegally imposed."

---

[1]    D.I. 331.

The Court has reviewed Mr. Saunders' request, the complete procedural and decisional history in his case, and the applicable law and Court rules. Those materials were examined to see if he might arguably satisfy the exacting threshold requirements for § 4214(f) eligibility[2] thus warranting referral to the Office of Defense Services. Mr. Saunders does not.

In this case, Mr. Saunders is serving a natural life sentence for first-degree murder and five concurrent terms of life (with the possibility of parole) for other offenses he was convicted of in his November 1976 murder trial. More specifically, the individual components[3] of the cumulative sentence are:

- Murder First Degree (IN76-07-0876)—Life imprisonment without the benefit of probation or parole (to be served under the then-extant provisions of 11 *Del. C.* § 4209);

- Conspiracy First Degree (IN76-07-0877)—Life imprisonment with the possibility of parole (to be served under the then-extant provisions of 11 *Del. C.* § 4214(a));

- Possession of a Deadly Weapon During the Commission of a Felony (IN76-07-0878)— Life imprisonment with the possibility of parole (to be served under the then-extant provisions of 11 *Del. C.* § 4214(a));

- Burglary Third Degree (IN76-07-0880)—Life imprisonment with the possibility of parole (to be served under the then-extant provisions of 11 *Del. C.* § 4214(a));

---

[2]  *See State v. Lewis*, 2018 WL 4151282, at *1-2 (Del. Super. Ct. Aug. 28, 2018) (explaining the requirements that must be met before this Court will issue a certificate of eligibility to seek relief via 11 *Del. C.* § 4214(f)), *aff'd*, 2019 WL 2157519 (Del. May 16, 2019); *State v. Rowan*, 2022 WL 896260, at *1 (Del. Super. Ct. Mar. 28, 2022) (and describing those threshold requirements as "exacting").

[3]  These several parts were derived after much litigation that clarified the various terms of Mr. Saunders' sentence and resulted in the entry of a final corrected sentencing order on November 3, 1989. *E.g. Saunders v. State*, 1989 WL 136937, at * 3 (Del. Sept. 29, 1989) (setting forth the final terms of each component of Mr. Saunders' cumulative sentence); *Saunders v. State*, 602 A.2d 623, 625 (Del. 1984) (same).

- Theft-Felony (IN76-07-0881)—Life imprisonment with the possibility of parole (to be served under the then-extant provisions of 11 *Del. C.* § 4214(a)); and

- Conspiracy Second Degree (IN76-07-0882)—Life imprisonment with the possibility of parole (to be served under the then-extant provisions of 11 *Del. C.* § 4214(a)).[4]

The effective date of Mr. Saunders' sentence is April 26, 1976, and the terms for the individual crimes are to served concurrently.[5]

To be eligible for sentencing relief under § 4214(f), an inmate serving a sentence (or sentences) imposed under any pre-2016 version of the Habitual Criminal Act must meet both a type-of-sentence *and* the time-served requirement.[6] But Mr. Saunders does not meet the type-of-sentence requirement—either on the cumulative sentence or on any individual component thereof.

*First*, the natural life term imposed for his first-degree murder conviction is a result of 11 *Del. C.* § 4209's application.[7] In other words, that term is a statutorily-required minimum for that murder charge. So it cannot be reduced in any way under 11 *Del. C.* § 4214(f). "The terms of any attendant non-habitual sentence still ***must*** comply with any statutes governing the applicable minimum

---

[4]   Corrected Sentencing Order, *State v. Robert H. Saunders*, ID No. 89008879DI (Del. Super. Ct. Feb. 11, 2013) (D.I. 137).

[5]   Corr. Sentencing Order, at 1.

[6]   *Yelardy v. State*, 2022 WL 9632128, at *2 (Del. Oct. 14, 2022) ("[T]o be eligible to petition for sentencing relief under § 4214(f), an inmate serving a sentence (or sentences) imposed under the pre-2016 Habitual Criminal Act must meet both a type-of-sentence ***and*** the time-served requirement.") (emphasis added) (citations and quotation marks omitted).

[7]   *Saunders*, 602 A.2d at 625 (Del. 1984 ("[Mr. Saunders] had been convicted of murder first degree and as to that charge, the law required that he be sentenced to life imprisonment without benefit of probation or parole. 11 *Del. C.* § 4209."); *Saunders*, 1989 WL 136937, at * 3 ("The sentence for murder in the first degree has not been effectively challenged, and it still stands.").

mandatory sentences for those other crimes."[8]

*Second*, Mr. Saunders does not meet the type-of-sentence requirement for any of the other crimes because the life term for each was imposed as a matter of the sentencing judge's discretion. When Mr. Saunders was sentenced, § 4214(a) contained no mandated minimums.[9] But the sentencing judge could then, "in [his] discretion, impose a life sentence" for any felony to which § 4214(a) was applied.[10] Mr. Saunders' sentencing judge exercised that discretion under that version of § 4214(a) and sentenced him to life imprisonment on each remaining count. Consequently, Mr. Saunders does not meet § 4214(f)'s type-of-sentence eligibility requirement on any of those remaining counts.[11]

Mr. Saunders' request for a certificate of eligibility under Del. Super. Ct. Spec. R. 2017-1(c) is **DENIED**, with prejudice. He is manifestly ineligible for relief under 11 *Del. C.* § 4214(f) and the Court need not appoint him counsel to pursue a futile application for relief.[12]

**IT IS SO ORDERED.**

cc:  Criminal Prothonotary                    Paul R. Wallace, Judge

---

[8]    *State v. Heath*, 2022 WL 16557804, at *1 n.5 (Del. Super. Ct. Oct. 31, 2022) (emphasis in original) (citing *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008)).

[9]    DEL. CODE ANN. tit. 11, § 4214(a) (1975); *State v. Daniels*, 2022 WL 2733509, at *2 (Del. Super. Ct. July 13, 2022) ("[T]he sentencing provisions—including those of the Habitual Criminal Act—in effect at the time that a criminal act is committed are those applied when imposing a sentence for that act."); *Garnett v. State*, 2022 WL 1639226, at *2-3 (Del. May 23, 2022).

[10]    *Id.*

[11]    *See Coble v. State,* 2018 WL 6595333 (Del. Dec. 13, 2018) (Inmate was not eligible for relief under § 4214(f) because he had been sentenced to life imprisonment, which had been imposed solely within the sentencing judge's discretion under the then-extant provisions of the Habitual Criminal Act.); *State v. Whiteman*, 2020 WL 2050664, at *2 (Del. Super. Ct. Apr. 28, 2020), *aff'd*, 2020 WL 7265868 (Del. Dec. 10, 2020) (same).

[12]    *See, e.g., Clark v. State,* 2018 WL 1956298, at *3 (Del. Apr. 24, 2018) (this Court does not err in denying appointment of counsel when it is clear on the record that an inmate doesn't meet § 4214(f)'s eligibility requirements).