# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,          )
                                  )

     v.                          )       Cr. ID No. 1206018361
                                  )

HARRY ANDERSON,           )
              Defendant.     )

**Upon Defendant's Motion for Postconviction Relief:**
*DENIED*
Submitted: October 10, 2014
Decided: January 6, 2015

**Upon Defendant's Motion for Appointment of Postconviction Counsel:**
*DENIED*
Submitted: November 3, 2014
Decided: January 6, 2015

In 2012, Defendant Harry W. Anderson was arrested and indicted on multiple counts of Felony Theft, Burglary Third Degree, and Criminal Mischief. On January 24, 2013, Defendant pled guilty to two counts of Burglary Third Degree. As part of the plea agreement, the State filed a motion to sentence Defendant as a habitual offender pursuant to 11 *Del. C.* § 4214(a) with respect to one of the two counts of Burglary Third Degree.

After pleading guilty but before he was sentenced, Defendant filed a series of unsuccessful motions and letters, as a self-represented litigant, requesting dismissal of the Superior Court charges against him.[1]  At Defendant's sentencing

---

[1] *See Anderson v. State*, 2014 WL 3511717, at n. 5 (Del. July 14, 2014) (detailing Defendant's allegations that Trial Counsel refused to file a motion to suppress and that Trial Counsel had a conflict of interest, which, according to Defendant, resulted in a coerced guilty plea).

hearing on September 20, 2013, the Court heard oral argument on Defendant's motion to withdraw his guilty plea. Defendant stated that he entered the guilty plea under duress on the grounds that Defendant's Trial Counsel refused to file a motion to suppress and because Defendant's Trial Counsel had a conflict of interest. The Superior Court denied Defendant's motion, finding that Defendant entered a knowing, intelligent, and voluntary guilty plea.[2]

The Court sentenced Defendant as a habitual offender on one of the two counts of Burglary Third Degree, to six years at Level V. As to the second count of Burglary Third Degree, the Court sentenced Defendant to three years at Level V, suspended for 18 months at Level III. After sentencing, Defendant appealed to the Delaware Supreme Court as a self-represented litigant.[3] The Supreme Court affirmed the Superior Court's judgment of conviction and the sentence imposed.[4]

Defendant filed this motion for postconviction relief on October 10, 2014. Defendant asserts the following grounds for relief: (1) Defendant's guilty plea was coerced; (2) Defendant's Trial Counsel had a conflict of interest representing

---

[2] The Delaware Supreme Court affirmed the Superior Court's finding, stating "[the Supreme Court] can discern no basis upon which to conclude that [Defendant's] guilty plea was not voluntarily entered or was entered because of [Defendant's] misapprehension or mistake as to [Defendant's] legal rights." *Id.* at *2.

[3] *State v. Anderson*, 2014 WL 604680 (Del. Super. Feb. 10, 2014) (granting Defendant's request to proceed *pro se on* appeal to the Delaware Supreme Court).

[4] *Anderson*, 2014 WL 3511717, at *3.

Defendant; and (3) ineffective assistance of counsel.[5] Additionally, Defendant filed this motion for appointment of postconviction counsel.

Upon consideration of Defendant's motions, the Court finds as follows:

1. The recently amended Superior Court Criminal Rule 61 controls Defendant's motion for postconviction relief and Defendant's motion for appointment of postconviction counsel.[6]

2. Before addressing the merits of a motion for postconviction relief, the Court must consider the procedural requirements of Rule 61(i).[7]

3. A motion is procedurally sufficient for consideration on the merits if it is the defendant's first motion,[8] the motion is timely,[9] and the motion does not assert grounds for relief already adjudicated.[10]

4. If the motion is procedurally defect, the Court may nonetheless consider the merits of the motion if the claims satisfy the pleading standards of Rule 61(d)(2)(i) and (ii).[11] The pleading standard of Rule 61(d)(2)(i) requires that a motion for postconviction relief "[p]leads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was

---

[5] Def.'s Mot. for Postconviction Relief, 3-4.
[6] Defendant filed the instant motions after the June 4, 2014 amendments took effect.
[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[8] Super. Ct. Crim. R. 61(i)(2).
[9] Super. Ct. Crim. R. 61(i)(1).
[10] Super. Ct. Crim. R. 61(i)(4).
[11] Super. Ct. Crim. R. 61(i)(5).

convicted." Alternatively, Rule 61(d)(2)(ii) requires that a motion for postconviction relief "[p]leads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the . . . Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid."

5. Defendant's motion for postconviction relief asserts formerly adjudicated grounds for relief and, therefore, Defendant's motion is procedurally barred. Pursuant to Rule 61(i)(4), "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."

6. Defendant's first ground for postconviction relief asserts that Trial Counsel coerced Defendant into entering guilty plea. The Court previously addressed this claim at Defendant's sentencing. At sentencing, Defendant moved to withdraw his guilty plea. In support of his motion, Defendant alleged that he was coerced into entering a guilty plea because Trial Counsel did not follow the originally agreed-upon case strategy because Trial Counsel would not "do certain things" such as file a motion to suppress evidence obtained from a defective search warrant.[12] In response, the Court asked Defendant if he

---

[12] Trial Counsel explained the issue to the Court as follows:

4

recalled entering a guilty plea on January 24, 2013, which Defendant affirmed.[13] The Court continued:

> At that time [the judge] asked you whether you were freely and voluntarily pleading guilty to the two Burglary Third charges. You responded yes. [The judge] asked you whether anyone had threatened or forced you to enter into the plea. You said no . . . . [y]ou said you understood that. [The judge] went through a very thorough question and answer period with you on the record in open court. You told [the judge] that you wished to enter a plea rather than go forward to trial. . . . the Court places great weight on that [plea colloquy] because you said on the record in open court . . . you wished to plea and you were doing so knowingly, intelligently, and voluntarily. [14]

When the Court asked Defendant why he previously stated that he was satisfied with Trial Counsel's representation during plea colloquy, Defendant responded, "I was totally under duress at the time . . . . [w]hen I went for my final case review . . . I informed [the judge] of these issues, [including] that suppression issue."[15] At that time, Trial Counsel interjected and explained "[Defendant] seems to not have understood the idea that [Defendant] has certain decisions to make. In terms of other decisions

---

There was a search warrant for a car that was believed to be [Defendant's], in which the police recovered [evidence]. . . . I had conversations with . . . the prosecutor on the case about the propriety of the search warrant, [and the] sufficiency of it . . . . I prepared a draft motion [to suppress] to [the prosecutor]. [The prosecutor] reviewed it, agreed there was – the search warrant was defective, agreed not to introduce the item. Sentencing Tr. 5.

[13] *Id.* at 5.
[14] *Id.* at 5-6.
[15] *Id.* at 7.

involving legal issues, those are mine to make. I disagree with [Defendant] there was any basis for any further suppression motions other than the one I drafted and showed [the prosecutor]."[16] Accordingly, the Court determined that Defendant entered a knowing, intelligent, and voluntary plea agreement.

7. On appeal to the Delaware Supreme Court, Defendant again asserted that Trial Counsel's refusal to move for suppression of illegally obtained evidence essentially coerced Defendant into entering a guilty plea. The Supreme Court reviewed the record and stated it could "discern no basis upon which to conclude that [Defendant's] guilty plea was not voluntary," noting that Defendant expressly stated "no one had threatened or coerced [Defendant] to accept the plea" and that Defendant was satisfied with Trial Counsel's representation.[17] Accordingly, Defendant's claim that he entered a coerced guilty plea is a formerly adjudicated matter and is barred from postconviction relief. Moreover, because Defendant entered a knowing, intelligent, and voluntary guilty plea, Defendant waived "any alleged errors or defects occurring prior to the entry of the plea."[18] Therefore, Defendant has waived the claim that he entered a coerced plea.

---

[16] *Id.* at 6-9.
[17] *Anderson*, 2014 WL 3511717, at *2.
[18] *West v. State*, 2004 WL 4264922, at *2 (Del. Aug. 28, 2014); *Anderson*, 2014 WL 3511717, at *2.

8. Defendant's second ground for postconviction relief is that Trial Counsel provided ineffective assistance of counsel for failing to file a motion to suppress evidence illegally obtained evidence. However, this claim is an attempt to reargue Defendant's claim that he entered a coerced guilty plea. Defendant's argument has been duly reviewed and considered. This Court will not revisit Defendant's duplicative argument merely cloaked as a claim of ineffective assistance of counsel.

9. Defendant's third and final ground for postconviction relief is that Trial Counsel had a conflict of interest in representing Defendant. Defendant previously asserted this claim on direct appeal and the Delaware Supreme Court concluded that the claim lacked merit.[19]

10. Therefore, Defendant's postconviction claims are procedurally barred pursuant to Rule 61(i)(4) and fail to demonstrate exemption from the procedural bars under Rule 61(i)(5). Specifically, Defendant's motion does not meet the pleading standards of Rule 61(d)(2)(i) or (ii) because Defendant's motion does not present any new evidence that creates a strong inference of innocence and does not rely on a new, retroactive rule of

---

[19] *Anderson*, 2014 WL 3511717, at *3.

constitutional law. Accordingly, Defendant's motion for postconviction relief is hereby dismissed.[20]

11. Consequentially, Defendant's motion for appointment of counsel is denied. Even if Defendant's motion for postconviction relief qualified for review on the merits, Defendant is not entitled to appointment of postconviction counsel because Defendant entered a plea of guilty.

12. Appointment of postconviction counsel, in the context of a guilty plea, is governed by Rule 61(e)(2). The Court may appoint postconviction counsel for a Defendant's first motion for postconviction relief if, among other things "the motion sets forth a substantial claim of ineffective assistance of counsel in relation to the plea of guilty . . . and specific exceptional circumstances warrant the appointment of counsel."[21]

13. As stated above, Defendant's motion sets forth a meritless claim of ineffective assistance of counsel. Furthermore, the Court is unaware of any exceptional circumstances that warrant the appointment of counsel. For instance, Defendant's motion requests appointment of counsel because motions for postconviction relief are complex and require significant research and Defendant has a "limited knowledge of the law."[22] The Court

---

[20] Super. Ct. Crim. R. 61(d)(5).
[21] Super. Ct. Crim. R. 61(e)(2).
[22] Def's. Mot. for Counsel, ¶ 8.

recognizes the complexities of postconviction motions; however, the Court is aware of over forty separate court filings Defendant has submitted to Delaware courts over the last decade.[23] Indeed, Defendant previously represented himself *pro se* on an appeal to the Delaware Supreme Court.[24] During the evidentiary hearing on Defendant's ability to handle the *pro se* appeal, Defendant explained that he "has pursued other appeals in the past and has successfully obtained remands to the trial court as a result of his advocacy."[25]

**NOW, THEREFORE, on this 6th day of January 2015, Defendant's Motion for Postconviction Relief is hereby DENIED and Defendant's Motion for Appointment of Postconviction Counsel is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[23] *See, e.g.*, *State v. Anderson*, 2014 WL 5169321, at *1 (Del. Super. Oct. 10, 2014).
[24] *State v. Anderson*, 2014 WL 604680, at *1-2 (Del. Super. Feb. 10, 2014).
[25] *Id.*