**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH FOWLER, | ) | Cr. A. No. 1212003101 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Submitted: July 6, 2018
Date Decided: July 23, 2018

On Defendant Kenneth Fowler's Motion for
Reconsideration of Commissioner's Order: **DENIED**.

## ORDER

The facts of this case have been sufficiently summarized in the Commissioner's Order therefore that they need not be reiterated in totality here.[1] Defendant was charged with drug dealing and conspiracy arising from a traffic stop on December 5, 2012. Following a jury trial in September 2013 Defendant was

---

[1] *State v. Fowler*, 2018 WL 2383579, at *4 (Del. Super. Ct. May 23, 2018).

1

convicted on both charges. Defendant filed a direct appeal to the Delaware Supreme Court where the judgment was affirmed.[2]

Defendant initially filed a pro-se Motion for Postconviction Relief on January 13, 2017. That Motion was summarily dismissed by this Court on procedural grounds. A second Motion was filed in September 2017 and an amended Motion filed in November 2017. This Motion for Reconsideration is based on the Commissioner's May 23, 2018 Order regarding the November 2017 Motion for Postconviction Relief.

## Defendant's Assertions

Defendant seeks reconsideration of the Commissioner's Order claiming that his November 2017 Motion should not be procedurally barred as repetitive under Rule 61 (i)(2). Defendant's amended Motion for Postconviction Relief and Motion for Reconsideration make one claim for relief; ineffective assistance of counsel.

## Discussion

The Court must address Defendant's motion in regard to Rule 61(i) procedural bars to relief before assessing the merits of his motion.[3] The State has taken the position and the Court agrees that Defendant's motion is not time barred or

---

[2] *Fowler v. State*, 148 A.3d 1170 (Del. 2016).
[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

repetitive. Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[4] This bar is not applicable as to Defendant's claim of ineffective assistance of counsel, which cannot be raised in a direct appeal.[5] However, Superior Court Criminal Rule 61(i)(3) bars any claims for relief not asserted in the proceedings leading to a judgment of conviction as required by the rules of this Court, unless Defendant can show "cause" for relief and "actual prejudice" from violation of his rights.[6]

Defendant is correct in his assertion that the Commissioner's Recommendation of a denial states that his motion for relief is procedurally barred. However, the Commissioner engaged in a thorough analysis of Defendant's ineffective assistance of counsel claims. The Commissioner concluded that Defendant "failed to establish that his counsel's strategic decision was deficient in any respect or that he was actually prejudiced as a result thereof."[7]

After a careful reading of Defendant's Motion, the State's response, and the Commissioner's Recommendation this Court concludes that the Motion should be

---

[4] Super. Ct. Crim. R. 61(i)(3).

[5] *See State v. Berry*, 2016 WL 5624893, at *4 (Del. Super. Ct. June 29, 2016); *see also Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013).

[6] *See Flamer v. State*, 585 A.2d 736, 747 (Del. 1990).

[7] *State v. Fowler*, 2018 WL 2383579, at *7 (Del. Super. Ct. May 23, 2018).

denied based on the basis of the Commissioner's analysis of Defendant's ineffective assistance of counsel claims.

The Court agrees with the Recommendation that Defendant's ineffective assistance of counsel claims are without merit. Accordingly, Defendant's Motion for Reconsideration of Commissioner's Order is **DENIED**, the order is final.

**IT IS SO ORDERED.**

_____
The Honorable Calvin L. Scott, Jr.