Thomas B. YOUNGER, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: May 22, 1990.
Decided: July 27, 1990.

Thomas B. Younger, pro se.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, for the State.

Before CHRISTIE, C.J., HORSEY, and HOLLAND, JJ.

CHRISTIE, Chief Justice:

The defendant, Thomas B. Younger, appeals *pro se* from the denial by the Superior Court of his fourth application for postconviction relief. Because we find that Younger's application for postconviction relief is procedurally barred pursuant to the provisions of Superior Court Criminal Rule 61(i), the Court will not address the merits of the issues contained in his motion, and we affirm the decision of the Superior Court.

In 1983, Younger was convicted after a Superior Court jury trial of two counts of rape in the first degree, one count of attempted rape in the first degree, and three counts of kidnapping in the first degree. The convictions arose from three separate incidents, close in time and locale, involving· attacks on three women on the streets of Wilmington in the early hours of the evening. In the first and second incidents, the jury found the defendant guilty of both rape and kidnapping. In the third incident, the victim, after being grabbed from behind, her mouth covered and her throat seized, was threatened with death. She was, however, able to break free and run to safety. In this incident, the defendant was found guilty of attempted rape and kidnapping. On direct appeal, in which defendant raised five issues, this Court affirmed all of defendant's convictions. *Younger v. State*, Del.Supr., 496 A.2d 546 (1985).

Prior to this petition, Younger instituted three unsuccessful postconviction relief applications. *Matter of Younger's Petition for a Writ of Habeas Corpus*, Del.Supr., No. 130, 1986, Moore, J. (May 7, 1986) [509 A.2d 95 (table)] (ORDER); *Matter of Younger's Petition for a Writ of Certiorari*, Del.Supr., No. 204, 1987, Moore, J. (June 25, 1987) [527 A.2d 1241 (table)] (ORDER); *Younger v. State*, Del.Supr., No. 410, 1987, Holland, J. (Feb. 23, 1988) [539 A.2d 194 (table)] (ORDER). Defendant has also sought and been denied federal *habeas corpus* relief. *Younger v. Redman*, D.Del., No. 88–191–JRR, Roth, J. (June 27, 1989) (ORDER).

In his fourth application for postconviction relief in the Superior Court, Younger raised three issues. First, Younger contended that the evidence of restraint was insufficient to sustain his three convictions of kidnapping in the first degree. Secondly, Younger contended that his confession was coerced by police officers. Finally, Younger raised a claim of ineffective assistance of counsel at trial and on direct appeal.

The Superior Court summarily denied, without a hearing, Younger's motion for postconviction relief. The court found the claim of a coerced confession to be procedurally barred, concluding that the issue had been previously raised and resolved against Younger on both direct appeal and in prior postconviction proceedings. The court rejected on the merits the insufficiency of evidence and ineffective assistance of counsel contentions. In rejecting Younger's attack on his three kidnapping convictions, the court stated, "The evidence clearly indicates that you forcibly abducted two ladies off the street for the purpose of sexually abusing them. Even under the *Weber* case, that is sufficient to sustain a kidnapping conviction." The court did not specifically refer to the third kidnapping conviction.

On appeal, this Court denied the State's motion to affirm under Rule 25. *Younger v. State*, Del.Supr., No. 314, 1989, Holland, J., 1989 WL 207536 (Sept. 12, 1989) (ORDER). The Court also specifically directed the State, in its answering brief, to "address in particular, the sufficiency of the evidence to support Younger's convictions for attempted rape *and* kidnapping. *See Weber v. State*, Del.Supr., 547 A.2d 948 (1988); *Scott v. State*, Del.Supr., 521 A.2d 235 (1987); *Burton v. State*, Del.Supr., 426 A.2d 829 (1981); *Coleman v. State*, Del. Supr. [562 A.2d 1171 (1989)]" (footnote omitted). In its subsequent briefing of the appeal, the State contended that all three of Younger's claims were procedurally barred, but the State also pointed out that it had been foreclosed from raising this defense in the Superior Court because the Superior Court summarily denied Younger's motion. The State also addressed the issues on the merits. This Court remanded the case to Superior Court to afford the State an opportunity to raise the procedural issue and asked the Superior Court to address the kidnapping charge as it related to the "third incident" which involved the attempted rape.

After addressing these issues, the Superior Court again denied Younger's motion for postconviction relief, concluding that there was sufficient evidence of restraint to support the kidnapping charge under the standard set forth in the case of *Weber v. State*, Del.Supr., 547 A.2d 948 (1988). The

court also concluded that Younger's claims were time barred pursuant to the provisions of Superior Court Criminal Rule 61(i)(1). We agree with the Superior Court that Younger's contentions are procedurally barred and, as a consequence, we will not address the merits of the issues contained in the motion for postconviction relief.

## I.

■ Because Younger's motion for postconviction relief was filed after January 1, 1989 (specifically, on July 14, 1989), it is controlled by Superior Court Criminal Rule 61 which took effect on January 1, 1988 and became fully applicable on January 1, 1989. This Court applies the rules governing procedural requirements before giving consideration to the merits of the underlying claim for postconviction relief. *See Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1044, 103 L.Ed.2d 308 (1989).

■ Younger's motion for postconviction relief is controlled by the time limitation provision of Superior Court Rule 61(i)(1).[1] Under this rule, a motion for postconviction relief may not be filed more than three years after a conviction has become final. On direct appeal, this Court affirmed Younger's conviction on June 20, 1985. *Younger v. State*, Del.Supr., 496 A.2d 546 (1985). Younger filed his present motion on July 14, 1989, one and one-half years after Superior Court Criminal Rule 61 became effective and almost four years after his conviction was final. Accordingly, we find Younger's motion for postconviction relief to be untimely under Superior Court Criminal Rule 61(i)(1).

Younger's first contention on appeal is that there was insufficient evidence of restraint for the third kidnapping conviction which arose out of the attempted rape. He relies on the case of *Weber v. State*, Del. Supr., 547 A.2d 948 (1988), to support his contention. The *Weber* case was not decided until after Younger's direct appeal and his first three motions for postconviction relief. However, the *Weber* case is merely a clarification of the case of *Burton v. State*, Del.Supr., 426 A.2d 829 (1981). *Weber*, 547 A.2d at 958–59. Since the *Weber* case applies principles which governed the earlier *Burton* decision, a case decided before Younger's trial took place, we hold that it is not a "new rule". Therefore, it is unnecessary to reach the retroactivity test for cases on collateral review, *see Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), *reh'g denied*, — U.S. ——, 109 S.Ct. 1771, 104 L.Ed.2d 206 (1989), or the "retroactively applicable right" provision of Superior Court Criminal Rule 61(i)(1). We find that the three-year time bar of Superior Court Criminal Rule 61(i)(1) is applicable to this case.

■ We must then address the remaining provisions of Rule 61 which, under appropriate circumstances, might cause this Court to review Younger's contentions, despite the generally applicable time bar. It is clear to this Court that Younger had the opportunity to raise the insufficiency of evidence contention on direct appeal and in his prior motions for postconviction relief. Younger was required to include in his prior postconviction applications all grounds for relief which were available to him. Super.Ct.Crim.R. 61(b)(2). Since the *Burton* case was decided well in advance of Younger's trial, his present insufficiency of evidence contention was available and was known, or should have been known, to Younger at the time of his first motion for postconviction relief. "It is well established that 'where an appeal was taken from a conviction, the judgment of the reviewing court is *res judicata* as to all issues actually raised, and those that could have been presented, but were not are deemed waived.'" *Teague*, 489 U.S. at 297, 109 S.Ct. at 1068, 103 L.Ed.2d 334 (1989) (citing *People v. Gaines*, 105 Ill.2d

---

1. Superior Court Criminal Rule 61(i)(1) states:
    *Time Limitation.* A motion for postconviction relief may not be filed more than three years after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than three years after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

79, 85 Ill.Dec. 269, 274, 473 N.E.2d 868, 873 (1984), *cert. denied*, 471 U.S. 1131, 105 S.Ct. 2666, 86 L.Ed.2d 282 (1985)).

Under the circumstances, in order for Younger to raise the issue for the first time in his present petition, he is required to show that consideration of the claim is warranted "in the interests of justice," Super.Ct.Crim.R. 61(i)(2), or that there was "a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings ..." Super.Ct.Crim.R. 61(i)(5). Younger has failed to make such a showing under either of these provisions.

The fundamental fairness exception (as set forth in Superior Court Criminal Rule 61(i)(5)) is a narrow one and has been applied only in limited circumstances, such as when the right relied upon has been recognized for the first time after the direct appeal. *Teague*, 489 U.S. at 297–99, 109 S.Ct. at 1068, 103 L.Ed.2d 334; *People v. Ikerd*, 47 Ill.2d 211, 265 N.E.2d 120, 121 (1970). We have already ruled that the *Weber* case, upon which Younger relies, was not a "new rule" for the purposes of retroactive application. Further, in a postconviction proceeding, the petitioner has the burden of proof and must show that he has been deprived of a substantial constitutional right before he is entitled to any relief. *See Gaines*, 85 Ill.Dec. at 278, 473 N.E.2d at 877. In this case, Younger has failed to make a showing of constitutional deprivation. He has made no showing that the interests of justice require us to review the merits of his contention. Under the circumstances, we rule that his contention as to the insufficiency of evidence is procedurally barred.

■ Younger's ineffective assistance of counsel contention is likewise untimely and procedurally barred under Superior Court Criminal Rule 61(i)(1). He contends that his attorney on direct appeal was ineffective because she did not raise his insuffi-

ciency of evidence contention at the time of direct appeal. Again, Younger was required to include in his prior postconviction applications all grounds for relief which were available to him. Super.Ct.Crim.R. 61(b)(2). His present contention of ineffective assistance of counsel with regard to the appeal was available and was known, or should have been known, to Younger at the time of his first motion for postconviction relief. *See Robinson v. State*, Del. Supr., 562 A.2d 1184, 1185 (1989). In order to raise the issue at this late date in his present petition, Younger is required to show that consideration of the claim is warranted in the interests of justice, Super.Ct. Crim.R. 61(i)(2), or that a constitutional violation has occurred. Super.Ct.Crim.R. 61(i)(5). Younger has merely made a conclusory statement regarding his allegations of ineffectiveness of counsel. Under the circumstances, such a statement does not lead us to the conclusion that the claim should be considered under either of these provisions.

## II.

■ In addition to the time bar mentioned above, Younger's motion for postconviction relief is also procedurally barred pursuant to the provisions of Superior Court Criminal Rule 61(i)(3).[2] Because Younger did not timely raise his present challenges to his convictions, he was under a duty to demonstrate "cause" for relief from his failure to timely raise the issues in an appeal from his convictions and "actual prejudice" resulting from the alleged error. *Johnson v. State*, Del.Supr., 460 A.2d 539 (1983); *Conyers v. State*, Del.Supr., 422 A.2d 345 (1980). Applying this test to the instant petition, this Court finds that Younger has failed to demonstrate a showing of: a) cause for his failure to raise the issues earlier which might justify relief from his procedural default and b) actual

---

2. Superior Court Criminal Rule 61(i)(3) states:
   *Procedural Default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this Court, is thereafter barred, unless the movant shows

(A) cause for relief from the procedural default and
(B) prejudice from violation of the movant's rights.

**556**

prejudice from any violation of his rights. Younger's showing of "cause" as to the insufficiency of evidence contention amounts to an allegation of ineffective assistance of counsel on direct appeal. As noted earlier, Younger argues that his counsel on appeal should have raised the insufficiency of evidence claim.

Counsel's failure to raise a *particular* claim on appeal is to be scrutinized under the cause and prejudice standard when that failure, as is the case here, is treated as a procedural default. Super.Ct.Crim.R. 61(i)(3); *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986) (emphasis in original). A criminal defendant who raises an allegation of ineffective assistance of counsel must show that an attorney's conduct did not meet reasonable professional standards and that such conduct was prejudicial to the defendant. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Attorney error short of ineffective assistance of counsel does not constitute "cause" for a procedural default even when that default occurs on appeal rather than at trial. To the contrary, "cause" for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim. *Murray*, 477 U.S. at 492, 106 S.Ct. at 2647–48, 91 L.Ed.2d 397. Younger has made no concrete allegations of "cause" or actual prejudice and thus, does not substantiate to any degree such a claim. Therefore, we find that his contentions are also barred pursuant to the provisions of Superior Court Criminal Rule 61(i)(3).

### III.

■ Finally, Younger's contention regarding his "coerced" confession has been addressed and resolved by this Court on direct appeal. *Younger*, 496 A.2d at 549. Neither federal nor state courts are re-

quired to relitigate in postconviction proceedings those claims which have been previously resolved. *See Kuhlmann v. Wilson*, 477 U.S. 436, 445–55, 106 S.Ct. 2616, 2621–2628, 91 L.Ed.2d 364 (1986); *Sanders v. United States*, 373 U.S. 1, 7–22, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Under the circumstances, we find that reconsideration of the claim is not warranted in the interest of justice. The claim is procedurally barred pursuant to the provisions of Superior Court Criminal Rule 61(i)(4).[3]

For the foregoing reasons, the decision of the Superior Court is AFFIRMED.

---

**3.** Superior Court Criminal Rule 61(i)(4) states:
    *Former Adjudication.* Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction pro-

ceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.