**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
v. ) ID #: 1111010324
)
DAVEAR Z. WHITTLE, )
)
Defendant. )

Submitted: April 13, 2017
Decided: July 6, 2017

**Upon Defendant's Motion for Postconviction Relief:
SUMMARILY DISMISSED**

**Upon Defendant's Motion for an Evidentiary Hearing:
DENIED**

This 6th day of July, 2017, upon consideration of Defendant's Motion for Postconviction Relief (the "Postconviction Motion") and Motion for an Evidentiary Hearing ("the Hearing Motion") under Superior Court Criminal Rule 61 ("Rule 61") and the record in this case, it appears to the Court that:

1.      In 2012, a jury found Davear Whittle guilty of Murder in the Second Degree, Possession of a Firearm During the Commission of a Felony, Reckless Endangering First Degree, and Possession of a Firearm by a Person Prohibited ("PFBPP"). The Supreme Court reversed that conviction and remanded it to this Court for a new trial after finding prosecutorial misconduct during closing arguments.[1] After remand, the case was assigned to a Superior Court judge (the

---

[1] *Whittle v. State*, 77 A.3d 239 (Del. 2013).

"Assigned Judge") who had served at the Department of Justice during Whittle's first trial.[2]

2.    On November 7, 2014, Whittle pleaded guilty to Manslaughter and PFBPP. The Assigned Judge sentenced Whittle on January 9, 2015 to (1) as to the Manslaughter charge, 25 years at Level V, suspended after 20 years for decreasing levels of supervision, and (2) as to the PFBPP charge, five years at Level V.[3]

3.    On May 29, 2015, Whittle filed his first motion for postconviction relief, along with a motion seeking appointment of counsel.[4] In that motion, Whittle raised several arguments, including: (1) his trial counsel was ineffective for failing to "investigate case prior to plea agreement, . . . inform [Whittle] of conditions of plea[,] . . . [and] provide innocence evidence at sentencing";[5] (2) the Assigned Judge had a conflict of interest due to his previous employment and was biased against Whittle; and (3) the sentence was excessive. After reviewing Whittle's motion, the Assigned Judge entered an order denying Whittle's claims for postconviction relief (the "First Postconviction Order"). Whittle then filed a motion for recusal and a motion for reargument, but shortly thereafter appealed the First Postconviction Order to the Delaware Supreme Court. This Court therefore sent Whittle a letter stating:

---

[2] D.I. 54.
[3] *State v. Whittle*, I.D. No. 1111010324 (Del. Super. Jan. 9, 2015) (SENTENCING ORDER).
[4] D.I. 82, 83.
[5] *State v. Whittle*, 2015 WL 4399889, at *2 (Del. Super. July 8, 2015).

2

I am in receipt of multiple motions filed by you in the above-referenced matter. Please be advised that you have filed an appeal in the Delaware Supreme Court in this matter. Therefore, while this appeal is pending in the Supreme Court, the Superior Court has no jurisdiction over your case. Upon resolution of your pending appeal, you may re-file your motions in this Court.[6]

4. On April 28, 2016, the Supreme Court affirmed the First Postconviction Order.[7] Whittle filed his Postconviction Motion and Hearing Motion almost a year later.[8] The Assigned Judge recused himself from hearing those motions and they were reassigned to this judge for decision.[9] In his Postconviction Motion, Whittle argues his trial counsel was ineffective for failing to (1) file a motion asking the Assigned Judge to recuse himself from the case after it was assigned to him and (2) bring the issue of the Assigned Judge's "conflict" and "bias" to Whittle's attention.[10]

5. Before addressing the merits of any claim for postconviction relief, this Court first must determine whether the motion procedurally is barred under Rule 61.[11] Because the Postconviction Motion is Whittle's second such motion under Rule 61, it is barred and must summarily be dismissed unless Whittle meets Rule 61(d)'s pleading requirements. Rule 61(d) permits a second or subsequent

---

[6] D.I. 93.

[7] *Whittle v. State*, 138 A.3d 1149 (Del. 2016).

[8] Whittle also filed a "Motion for Recusal" directed to the Assigned Judge. That motion was mooted by the Assigned Judge's recusal.

[9] D.I. 109.

[10] D.I. 105.

[11] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

motion only if (i) the movant was convicted after a trial; and (ii) the motion pleads with particularity that either: (a) new evidence creates a strong inference the movant actually is innocent in fact, or (b) a new rule of constitutional law, made retroactive to cases on collateral review, applies to the movant's case and renders the conviction invalid.[12]

6. Whittle does not meet either requirement of Rule 61(d). First, he was not convicted after trial. That alone ends the inquiry. Second, he does not argue that newly available evidence creates a strong inference of actual innocence or that a new rule of constitutional law invalidates his conviction. Whittle's only argument is that the Superior Court indicated he could "refile" his motions after the Delaware Supreme Court resolved his pending appeal. That letter, however, neither allowed Whittle to file a second postconviction motion, nor excused compliance with Rule 61(d)'s pleading requirements. Instead, the Court simply explained to Whittle that it could not rule on his motions for reargument or recusal while the appeal was pending. Whittle has not refiled those motions, but instead has filed a new motion raising new arguments. The Court's letter is not a basis to overcome summary dismissal under Rule 61. Having concluded that Whittle's

---

[12] Super. Ct. Crim. R. 61(d).

4

Postconviction Motion must be dismissed, there is no basis for Whittle's request for an evidentiary hearing.[13]

For all the foregoing reasons, Davear Z. Whittle's Second Motion for Postconviction Relief **SUMMARILY IS DISMISSED** and his Motion for an Evidentiary Hearing is **DENIED. IT IS SO ORDERED**.

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Joseph S. Grubb, Deputy Attorney General
        Davear Z. Whittle (SBI No. 00551773)

---

[13] *See* Super. Ct. Crim. R. 61(h) ("After considering [all materials submitted regarding a Rule 61 motion], the judge shall determine whether an evidentiary hearing is desirable.").