# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JERMAINE LASTER, | ) | Cr. A. No. 1307014887 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Decided: April 16, 2018

On Defendant Jermaine Laster's Motion for
Postconviction Relief. **DENIED.**

## <u>ORDER</u>

On August 6th, 2013 Defendant was arrested in connection with a shooting that took place on July 17th, 2013 that resulted in a 5-year-old girl sustaining a gunshot wound to her left leg. Defendant retained private counsel in March 2014 and the case proceeded to a jury trial in June 2014. During jury deliberations a note was submitted to the Court asking for clarification regarding intent in relation to the charge of assault in the first degree. The State, defense counsel, and the Court conferred regarding the note and after clarification agreed to the following instruction to the jury: "the reckless state of mind is at issue, not intent." On July 1st, 2014 the jury found Defendant guilty of Assault First Degree, three counts of

1

Possession of a Firearm during the commission of a Felony, and two counts of Reckless Endangering in the First Degree. The Court then found Defendant guilty of Possession of a Weapon by a Person Prohibited and Possession of Ammunition by a Person Prohibited. Defendant was sentenced to 22 years of level V incarceration, followed by 2 years and 6 months of probation.

## Parties' Contentions

Defendant filed his initial motion for postconviction relief on December 29, 2015. In his initial motion Defendant argued, inter alia, violation of spousal communication privilege, prosecutorial misconduct, and judicial misconduct. Defendant was appointed counsel and an amended complaint was filed on August 28, 2017. The amended motion argues that Defendant's trial counsel was ineffective. Defendant puts forth three bases for his ineffective counsel argument; that counsel failed to retain a private investigator to locate and develop potential witnesses for trial, that counsel failed to challenge the State's forensic firearms expert, and that counsel failed to object to the Court's final instructions to the jury in response to jury's note #1. The State concedes that this motion for postconviction relief is not procedurally barred, but that Defendant's ineffective assistance of counsel claims fail as a matter of law.

2

## Discussion

The court must address Defendant's motion in regard to Rule 61(i) procedural bars to relief before assessing the merits of his motion.[1] The State has conceded and the Court agrees that Defendant's motion is not time barred or repetitive. Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[2] This bar is also not applicable as Defendant claims ineffective assistance of counsel, which could not have been raised in any direct appeal.[3] Finally, Rule 61(i)(4) bars relief if the motion is based on a formally adjudicated ground.[4] This bar is also not applicable to Defendant's Motion.

Delaware adopted the two-prong test proffered in *Strickland v. Washington* to evaluate ineffective assistance of counsel claims.[5] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness, and that there is a

---

[1] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[2] Super. Ct. Crim. R. 61(i)(3).
[3] *See State v. Berry*, 2016 WL 5624893, at *4 (Del. Super. Ct. June 29, 2016); *see also Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013).
[4] Super. Ct. Crim. R. 61(i)(4).
[5] *See Strickland v. Washington*, 466 U.S. 668 (1984); *see also Albury v. State*, 551 A.2d 53 (Del. 1988).

reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[6]

To avoid the "distorting effects of hindsight," counsel's actions are afforded a strong presumption of reasonableness.[7] The "benchmark for judging any claim of ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[8] The Court's objective in evaluating counsel's conduct is to "reconstruct the circumstances of counsel's challenged conduct, and to *evaluate the conduct from the counsel's perspective at the time.*"[9]

If defendant can demonstrate that counsel's conduct failed to meet an objective standard of reasonableness the second prong of the *Strickland* analysis requires the Court to determine what, if any, effect counsel's ineffectiveness had on the outcome of Defendant's trial.[10] "[The Court] will not set aside the judgment in

---

[6] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990); *see also Strickland v. Washington*, 466 U.S. 668 (1984).

[7] *Neal v. State*, 80 A.3d 935, 942 (Del. 2013) (citing *Strickland v. Washington* at 689).

[8] *State v. Wright*, 2015 WL 648818, (Del. Super. Ct. Feb. 12, 2015)(citations omitted).

[9] *Neal*, 80 A.3d 935 at 942. (citing *Strickland v. Washington*, at 689) (emphasis supplied).

[10] *Id.*

4

a criminal proceeding if the error had no effect on the outcome."[11] Defendant must show that but for counsel's ineffectiveness a more favorable result is not just conceivable, but rather the likelihood of a favorable outcome is substantial.[12]

Defendant's first claim of ineffective assistance of counsel is based on the fact that counsel failed to retain a private investigator to develop potential witnesses for trial. The decision to hire an outside investigator to develop facts in the case is a strategic decision. Strickland provides that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."[13]

It was reasonable for counsel to make the strategic decision not to hire an outside investigator. Trial counsel, in his affidavit filed in response to Defendant's claims, affirmed that the decision not to seek an outside investigator was made after conferring with Defendant and his family. Viewing this conduct from the perspective of defense counsel at the time the Court finds that the decision was made

---

[11] *Id.* (citing *Strickland v. Washington*, at 692).
[12] *Id.*
[13] *Strickland v. Washington*, 466 U.S. 668, 690–91(1984).

strategically and after determining that it was not the best course of action to hire an investigator, and that the decision not to do so was reasonable.

Furthermore, if it were unreasonable not to hire an investigator Defendant has failed to offer any evidence that a more favorable outcome was substantially likely. While it is conceivable that an investigator may have found other witnesses or that they might have been able to find more impeachment evidence against the State's witnesses, Defendant cannot point to any specifics that help his case. The record reflects that trial counsel on cross examination effectively elicited testimony from witnesses regarding drug use on the day in question and prior inconsistent statements made to police. Defendant has also failed to identify other potential witnesses or what testimony they might provide in pursuit of a different outcome.

Defendant's second claim that counsel failed to challenge the State's forensic firearms expert or hire a forensic firearms expert for the defense fails for the same reasons. The decision not to hire an expert was made after consultation with Defendant and his family and considering trial strategy. The analysis and outcome is the same as the decision not to hire a private investigator. The Court finds that the decision was made strategically and after determining that it was not the best course of action to hire an investigator, and that the decision not to do so was reasonable.

Defendant's second claim fails the second prong of the *Strickland* test for the same reason as his first. Defendant has failed to offer any evidence that a more favorable outcome was substantially likely. Defendant cannot point to any specifics that help his case. Defendant has offered conclusory statements as to how a defense expert would have testified without supporting that conclusion. Additionally, Defendant claims that a defensive expert would have been able to elicit testimony that the bullets found at the scene could not be conclusively linked to the casings turned over to the police the day after the shooting. A review of the record shows that this was the exact testimony from the State's expert on direct and cross examination. Offering a second expert to testify that a link between the bullets and casings could not be established would be cumulative and unnecessary. Without any specific evidence the Defendant has failed to show that the likelihood of a different outcome was substantial but for the ineffectiveness of his trial counsel.

Moving to Defendant's final claim of ineffective assistance of counsel in that counsel failed to object to the Court's final instructions to the jury in response to jury's note #1 the Court finds that trial counsel's representation was reasonable and that Defendant was not prejudiced as a result of counsel's actions.

The record reflects that while conferring about the note defense counsel specifically requested that the original jury instruction be read back to the jury, preserving for the record that any deviation from the original jury instruction was

7

objectionable. Counsel was active in formulating the Court's response to the jury's question as was the State. Defense counsel's participation in the interpretation and formulation of a response to the jury's note is exemplary of reasonable assistance of counsel. Counsel diligently represented his client by seeking an advantageous outcome even after the case had been submitted to the jury. Defense counsel's actions were reasonable.

Counsel's representation in relation to the jury note in question did not prejudice Defendant. The Court's response to the jury's question was a correct statement of the law at issue in the case. That the jury would have returned a different verdict with a different response to their note is speculative. Defendant fails to offer any proof that but for the ineffectiveness of his trial counsel the jury would have returned a different verdict.

Defendant cannot show that Trial Counsel's representation fell below an objective standard of reasonableness. Defendant has also failed to demonstrate that any prejudice stemming from his counsel's representation can overcome the overwhelming evidence of his guilt. The Defendant's Motion for Postconviction Relief pursuant to Rule 61 is hereby **DENIED** without further proceedings.

**IT IS SO ORDERED.**

_____

The Honorable Calvin L. Scott, Jr.