# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                                  )
            Plaintiff,        )
                                  )
v.                              )     Cr. ID. No. 1407001616
                                  )
                                  )
JOEL R. STEVENSON       )
                                  )
            Defendant.      )

Date submitted: April 15, 2018
Date decided: July 27, 2018

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

Sonia Augusthy, Esquire, Deputy Attorney General, Delaware Department of Justice, 820 N. French St. 7th Floor, Wilmington, Delaware, 19801. Attorney for the State.

Anthony A. Figliola, Jr., Esq., Greto Law, 715 North Tatnall Street, Wilmington, Delaware, 19899. Attorney for the Defendant.

**MANNING**, Commissioner:

This 27th day of July 2018, upon consideration of defendant Joel R. Stevenson's Motion for Postconviction Relief, I find and recommend the following:

## Facts and Procedural History

Mr. Stevenson was convicted in the Superior Court after a bifurcated jury trial of Unlawful Sexual Contact First Degree, Unlawful Sexual Contact Second Degree, and two counts of Sex Offender Unlawful Sexual Contact with a Child. On appeal, Mr. Stevenson's convictions were affirmed by the Delaware Supreme Court on October 11, 2016. I hereby adopt and incorporate by reference the facts as stated in the Delaware Supreme Court's opinion affirming the convictions, and will thus not repeat them here.[1]

On October 6, 2017, Mr. Stevenson filed the instant Motion pursuant to Superior Court Criminal Rule 61. The Motion was subsequently referred to the undersigned commissioner and a briefing schedule was issued. Trial counsel filed an Affidavit responding to the claims made by Mr. Stevenson on January 8, 2018. The State filed its Response on March 27, 2018. After review of the various pleadings, I deemed it unnecessary to hold an evidentiary hearing based on the nature of Mr. Stevenson's allegations.

---

[1] *See Stevenson v. State*, 149 A.3d, 505 (Del. 2016).

Mr. Stevenson's claims for postconviction relief, quoted verbatim, are as follows: [2]

Ground One:    Ineffective Assistance of Counsel.

Supporting facts: Trial counsel['s] failure to adequately redact alleged victims 3507 statement.

Ground Two:    Ineffective Assistance of Counsel on Appeal.

Supporting Facts: Appellate Counsel failed to produce transcript of 3507 Statement/Supreme Court dismissed argument.

## Legal Standard

To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[3] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires the defendant to show that there is a

---

[2] Outside of the above cited language, Mr. Stevenson's Motion provides no additional supporting argument or legal authority whatsoever.

[3] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[4]

When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong.[5] Most germane to this case, mere allegations of ineffectiveness will not suffice—a defendant must make and substantiate concrete allegations of actual prejudice.[6] An error by defense counsel, even if professionally unreasonable, does not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[7]

In considering post-trial attacks on counsel, *Strickland* cautions that trial counsel's performance should be viewed from his or her perspective at the time decisions were being made.[8] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting efforts of hindsight. Second guessing or "Monday morning quarterbacking" should be avoided.[9]

---

[4] *Id.*

[5] *Strickland*, 466 U.S. at 697.

[6] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[7] *Strickland*, 466 U.S.at 691.

[8] *Id.*

[9] *Id.*

3

## Analysis

The procedural requirements of Rule 61 must be addressed before considering the merits of any argument.[10] Mr. Stevenson's Motion was timely filed and is not repetitive, thus satisfying the procedural requirements of Rule 61. Therefore, the Motion should be decided on its merits.

Ground One: Mr. Stevenson presents the notion that trial counsel was ineffective because he failed to adequately redact each of the alleged victim's § 3507 statements prior to it being played before the jury. Mr. Stevenson fails to articulate exactly what should have been redacted, why it was prejudicial, and why the outcome of the trial might have been different had the statements been more thoroughly redacted. As presented, Mr. Stevenson's argument is wholly conclusory and meritless.

Ground Two: Mr. Stevenson again raises the notion that appellate counsel was ineffective because she did not provide the Supreme Court with transcripts of the § 3507 statements that were played for the jury. In her Reply Brief, appellate Counsel had asked the Supreme Court to review the trial judge's ruling "in the interests of justice" in light of the fact that trial counsel did not objected to their admission. The Supreme Court declined to do this because the appellant had not

---

[10] *See Younger*, 580 A.2d at 554.

4

included a transcript of the § 3507 statements as part of the record on appeal.[11] Similarly, Mr. Stevenson has failed to present this Court with a transcript of the § 3507 statements, much less articulate what was objectionable, why it was prejudicial, or why the outcome of the appeal might have been different had appellate counsel presented a complete record on appeal. Accordingly, this argument is wholly conclusory and meritless.

### Conclusion

Mr. Stevenson's claims of ineffective assistance of counsel should be **Denied**.

**IT IS SO RECOMMENDED.**

Bradley V. Manning,
Commissioner

oc:   Prothonotary
cc:   Defendant via first class mail, all counsel via e-mail