IN THE SUPREME COURT OF THE STATE OF DELAWARE

LYNWOOD C. TAYLOR, § 
§ No. 316, 2019
Defendant Below, §
Appellant, §
§
v. § Court Below–Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID 0703029123 (S)
Plaintiff Below, §
Appellee. §

Submitted: September 12, 2019
Decided: November 18, 2019

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Lynwood Taylor, appeals from the Superior Court's order denying his second motion for postconviction relief filed under Superior Court Criminal Rule 61 ("Rule 61"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Taylor's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, in December 2007, a Superior Court jury found Taylor guilty of six counts of first degree rape, one count of continuous sexual abuse of a child, and one count of endangering the welfare of a child. After a presentence

investigation, the Superior Court sentenced Taylor to 115 years of Level V incarceration, the minimum mandatory term of incarceration for Taylor's convictions. This Court affirmed Taylor's convictions and sentence on direct appeal.[1]

(3)  In June 2009, Taylor filed a motion for a new trial alleging the victim had recanted her trial testimony. The Superior Court held an evidentiary hearing on the matter and subsequently denied the motion. Taylor did not appeal. In December 2009, Taylor filed a motion for postconviction relief. The Superior Court denied the motion, and we affirmed its denial on appeal.[2]

(4)  On June 20, 2019, Taylor filed a second motion for postconviction relief. Taylor asserted five claims of "new evidence" that purportedly entitled him to relief: (i) his convictions for six counts of rape were inconsistent with the victim's trial testimony; (ii) a juror was prejudiced against him because the trial judge allegedly admonished the juror's employer; (iii) trial counsel should have questioned the victim about identifying marks on Taylor's body; (iv) a journal admitted into evidence at trial showed evidence of a conspiracy between the victim and Taylor's ex-wife to frame Taylor for rape; and (v) in 2018, the State dropped the charges against another defendant in a similar "he-said, she-said" rape case. The Superior

---

[1] *Taylor v. State*, 982 A.2d 279 (Del. 2008).
[2] *Taylor v. State*, 2011 WL 721517 (Del. Mar. 1, 2011).

Court summarily dismissed Taylor's motion on June 26, 2019.[3] This appeal followed.

(5) In reviewing the Superior Court's denial of a motion for postconviction relief, this Court must first consider the procedural requirements of Rule 61 before it may consider the merits of any postconviction claim.[4] Under Rule 61, a second or subsequent motion for postconviction relief is not permitted unless the motion pleads with particularity the existence of new evidence that creates a strong inference of actual innocence or a new rule of constitutional law that is retroactively applicable,[5] or the motion asserts a claim that the court lacked jurisdiction.[6] We agree with the Superior Court's conclusion that Taylor's second motion for postconviction relief was subject to summary dismissal. Taylor's motion did not plead with particularity the existence any new evidence that creates a strong inference that Taylor is actually innocent in fact of the acts underlying the charges of which he was convicted or the existence of a new rule of constitutional law that applies to his case. Nor did it assert that the Superior Court lacked jurisdiction to enter a judgment of conviction and sentence him.

---

[3] *State v. Taylor*, 2019 WL 2714834 (Del. Super. Ct. June 26, 2019).
[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[5] Del. Super. Cr. R. 61(d).
[6] Del. Super. Cr. R. 61(i)(5).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice