# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE     )
                             )

       v.             )     I.D. No. 1308007988
                             )

CURTIS FINNEY,        )
                             )

     Defendant.     )

Submitted: September 21, 2023
Decided:  September 25, 2023

*Upon Defendant's Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

## ORDER

Curtis Finney, *pro se*, Smyrna, DE.

Abigail Rodgers, Esquire, Chief Prosecutor for New Castle County, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware, Attorney for the State.

**WHARTON, J.**

This 25th day of September, 2023 upon consideration of the Defendant's Motion for Postconviction Relief,[1] supporting Memorandum of Law,[2] and the record in this matter, it appears to the Court that:

1.  Defendant Curtis Finney ("Finney") was convicted after a bench trial of Aggravated Possession of Heroin, four counts of Possession of a Firearm During the Commission of a Felony ("PFDCF") (one for possessing a .45 caliber handgun and one for possessing a .22 caliber handgun, both during the commission of Aggravated Possession of Heroin, and one for possessing a .45 caliber handgun and one for possessing a .22 caliber handgun, both during Drug Dealing in Heroin), Drug Dealing in Heroin, two counts of Possession of a Firearm by a Person Prohibited ("PFBPP") (one for possessing a .45 caliber handgun and one for possessing a .22 caliber handgun, both after previously having been convicted of Drug Dealing), two counts of Possession of Ammunition by a Person Prohibited ("PABPP") (one for possessing .45 caliber ammunition and one for possessing .22 caliber ammunition, both after previously having been convicted of Drug Dealing), four counts of Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP) (one for possessing a .45 caliber handgun and one for possessing a .22 caliber handgun, both while possessing a controlled substance – heroin) and one for possessing a .45

---

[1] D.I. 97.
[2] D.I. 98.

caliber handgun and one for possessing a .22 caliber handgun, both while possessing a controlled substance – cocaine), and Driving While Suspended or Revoked.

2. Finney's direct appeal to the Delaware Supreme Court resulted in a remand to this Court for resentencing.[3] On remand, this Court ultimately granted Finney's Motion for Correction of Sentence addressed to issues of multiplicity and adopted Finney's proposed sentence order.[4] On May 1, 2017, Finney was sentenced to 25 years at Level V, suspended after two years at Level 5 for decreasing levels of supervision on the Drug Dealing charge; five years at Level V for each of the two PFDCF charges (five years for the .45 caliber handgun and five years for the .22 caliber handgun); five years at Level V for each of the PFBPP charges (five years for the .45 caliber handgun and five years for the .22 caliber handgun) (the sentences for the PFBPP charges are concurrent); and concurrent suspended sentences on the two PABPP charges, the Possession of Cocaine charge, and the Driving While Suspended or Revoked charge.[5] He was not sentenced on the remaining charges for which he was convicted because they were duplicative of charges for which he was sentenced.

3. After unsuccessfully seeking a sentence modification, Finney filed his first Motion for Postconviction Relief ("Motion") on February 11, 2019.[6] In it he

---

[3] *Finney v. State,* 2016 WL 3568176 (Del. 2016).
[4] *See,* D.I. 85-88.
[5] D.I. 88.
[6] D.I. 91.

raised four claims for relief: (1) ineffective assistance of counsel when counsel "withdrew my suppression motion without any real reasoning;" (2) violation of due process as a result of being sentenced on a violation of probation before he was convicted of any new charges; (3) "double jeopardy for sentencing [him] for four PFBB & four PFDCF when [he] only got arrested with two firearms;" and (4) "Fruit of poisonous tree dropping my probable cause for my traffic stop, but still finding me guilty on any charges that followed."[7] This Court summarily dismissed that motion on February 13, 2019, holding that the motion was procedurally barred as untimely and subject to procedural default.[8]

4. Finney now files his second Motion for Postconviction Relief.[9] In his supporting Memorandum of Law, he relies upon *Wooden v. United States*[10] to ask the Court to "reexamine[ ] his sentence, and grant[ ] any other relief that is just and proper."[11] He makes no request for any form of specific relief.

5. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[12] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[13]

---

[7] *Id.*
[8] *State v. Finney,* 2019 WL 1125800, at *2 (Del. Super. Ct. Feb. 13, 2013).
[9] D.I. 97.
[10] 595 U.S. 360 (2022).
[11] D.I. 98, at 9.
[12] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[13] *Id.*

5. Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, successive motions, procedural default, or former adjudication.[14] A motion exceeds time limitations if it is filed more than one year after the conviction becomes final, or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[15] A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction … invalid."[16] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[17] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of

---

[14] Super. Ct. Crim. R, 61(i).
[15] Super. Ct. Crim. R. 61(i)(1).
[16] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[17] Super. Ct. Crim. R. 61(i)(3).

conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[18]

6.      The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[19] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[20]   The bars remain applicable here because Finney has not claimed that the Court lacked jurisdiction, nor has he met the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).

7.      In order to overcome Rule 61's bars to relief, Finney expends energy trying to convince the Court that *Wooden* represents a new retroactively applied rule of constitutional law rendering his sentence invalid.  In fact, he spends so much energy arguing that *Wooden* makes those bars inapplicable that he fails to explain just how *Wooden* applies to his case.  In *Wooden,* the defendant was sentenced to an enhanced minimum mandatory term of imprisonment under the federal Armed Career Criminal Act ("ACCA") as a result of the District Court determining that Wooden's ten prior convictions for breaking into separate units at a storage facility occurred on different occasions.[21]  Those convictions were a result of Wooden and his co-conspirators entering a one-building storage facility and proceeding from unit

---

[18] Super. Ct. Crim. R. 61(i)(4).
[19] Super. Ct. Crim. R. 61(i)(5).
[20] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[21] *Wooden,* 595 U.S. at 364.

to unit, stealing items from ten separate units.[22]  In reversing the Sixth Circuit, which had affirmed the District Court, the Supreme Court held that Wooden's burglary convictions had occurred on a single occasion and only counted as a single conviction under the ACCA.[23]

8.  The Court finds that *Wooden* has no relevance to Finney's case.  Finney's convictions for PFBPP were the result of him possessing two separate firearms.[24] Finney was prohibited from possessing both firearms as a result of his prior conviction for Drug Dealing.[25]  His sentence was enhanced as a result of a single prior conviction, not multiple prior convictions occurring on a single occasion as in *Wooden*.  Moreover, nothing in *Wooden* precludes Finney from being convicted and sentenced for two separate counts of PFDCF and PFBPP involving two different firearms, even if those convictions all occurred on a single occasion.

9.  Thus, Finney's second postconviction relief motion is barred for multiple reasons: (1) it is untimely, having been filed more than a year after Finney's judgment of conviction became final; (2) because there is no retroactively applicable rule of constitutional law that renders his sentence invalid, it is a successive motion; and (3) even if *Wooden* did announce such a rule, Finney's motion still would be

---

[22] *Id.*
[23] *Id.* at 376.
[24] Indictment, Counts IX and X, D.I. 36.
[25] *Id.*

untimely because Wooden was decided on March 7, 2022 and this motion was filed on September 21, 2023, more than a year later.[26]

10.    Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[27]  It is plain from the Motion and the record in this case that Finney is not entitled to relief because it fails to meet the pleading requirements of Rules 61(d)(2)(i) and (ii) in order to overcome the bars of Rule 61(i)(1) and (2).

**THEREFORE,** since it plainly appears from the Motion for Postconviction Relief and the record in this case that Finney is not entitled to relief, the Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

    **IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc:    Prothonotary
cc:    Investigative Services

---

[26] Super. Ct. Crim. R. 61(i)(1).
[27] Super. Ct. Crim. R. 61(d)(5).