**SUPERIOR COURT
OF THE
STATE OF DELAWARE**

**MARK H. CONNER**                                   **Sussex County Courthouse**
**JUDGE**                                                  **1 The Circle, Suite 2**
                                                            **Georgetown, DE 19947**

February 1, 2024

Robert R. Meades
SBI# 00124648
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

      RE:  State v. Robert R. Meades
            Def. ID# 1101020478
            Motion for Postconviction Relief

Dear Mr. Meades,

This is my decision on your fourth motion for postconviction relief. On January 4th, 2012, you plead guilty to two (2) counts of Robbery in the First Degree and one (1) count of Possession of a Deadly Weapon During the Commission of a Felony. Your motion requests this Court withdraw your guilty plea and appoint you counsel. You seek this relief on three grounds: (1) due process and equal protection violations; (2) prosecutorial misconduct and due process violations; and (3) ineffective assistance of counsel and due process violations.

As you should know from your prior filings with this court, "[w]hen faced with a claim for postconviction relief I must first determine whether any procedural

bars prevent a consideration on the merits of any underlying arguments."[1]  Superior

Court Criminal Rule 61(d)(2) mandates that:

> [a] second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either: (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[2]

This is a subsequent motion for postconviction relief under Rule 61 (your fourth).

You entered a guilty plea to the charges.  Consequently, Rule 61 commands that your

motion be summarily dismissed.  Put another way, I am not permitted under Rule 61

to consider your fourth motion for postconviction relief on its merits.  As such, your

fourth motion for postconviction relief is **SUMMARILY DISMISSED.**  Your

request for appointment of counsel is therefore **DENIED.  IT IS SO ORDERED.**

Sincerely,

/s/ *Mark H. Conner*

Mark H. Conner
Judge

cc:  Prothonotary
     John Donahue, DAG

---

[1] *State v. Meades*, 2019 WL 4034352 (Del. Super. Ct. Aug. 26, 2019), aff'd, 223 A.3d 416 (Del. 2019); *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[2] Superior Court Criminal Rule 61(d)(2).