# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) ID No. 0909018475 A/B
)
MICHAEL T. WASHINGTON, )
)
Defendant )

Submitted: July 29, 2024
Decided: July 31, 2024

*Upon Defendant Michael T. Washington's Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

*Upon Defendant Michael T. Washington's Motion for Appointment of Counsel*
**DENIED.**

## <u>ORDER</u>

Carolyn Hake, Esquire, Deputy Attorney General, STATE OF DELAWARE DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801.

Michael T. Washington, James T. Vaugh Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, *pro se.*

**WHARTON, J.**

This 31st day of July 2024, having considered Michael T. Washington's ("Washington") fifth Motion for Postconviction Relief,[1] Motion for Appointment of Counsel,[2] and the record in this case, it appears to the Court that:

1. In November 2010, Washington was convicted by a Superior Court jury of two counts each of Manslaughter and Possession of a Firearm During the Commission of a Felony in the shooting deaths of Leighton Francis and Amin Guy, and, in a subsequent bench trial, an additional severed count of Possession of a Firearm by a Person Prohibited.[3] Washington was sentenced on February 11, 2011, to eighty-six years of imprisonment at Level V, suspended after sixty-four years for decreasing levels of supervision.[4]

2. Washington appealed his convictions to the Delaware Supreme Court. He raised two issues on appeal: (1) the prosecutor committed misconduct when she referred to a cell phone call during her opening statement, and (2) the State's ballistic expert testified at trial, contrary to his report, that bullet fragments recovered in the 700 block of E. 10th Street "matched" those recovered from the victim's bodies.[5] The Delaware Supreme Court affirmed Washington's convictions.[6]

---

[1] D.I. 240.
[2] D.I. 241.
[3] *Washington v. State,* 2011 WL 4908250, at *1 (Del. 2011).
[4] *Id.*
[5] *Id*. at *3-4.
[6] *Id.*

3. On March 7, 2012, Washington filed a timely *pro se* first motion for postconviction relief pursuant to Rule 61,[7] which he later amended through appointed counsel on August 7, 2012.[8] Later, Washington filed amendments to his *pro se* motion for postconviction relief in March 2016.[9] Ultimately, Washington's postconviction relief motion was denied by the Superior Court.[10] The Supreme Court affirmed that decision.[11]

4. On May 24, 2017, Washington filed a timely petition for federal habeas relief.[12] In April of 2019, Washington moved to stay the federal proceedings to "argue the newly discovered evidence in the Superior Court in order to properly exhaust his remedies and avoid any procedural issue[s]… in this district court."[13] The District Court granted his motion and stayed the matter.[14] On August 30, 2019, Washington filed his second *pro se* Motion for Postconviction Relief and a Motion for Appointment of Counsel.[15] On September 9, 2019, granted that request.[16] Then, through counsel, Washington filed an amended second motion on April 28, 2020.[17]

---

[7] D.I. 64.
[8] D.I. 77.
[9] D.I. 139.
[10] *State v. Washington,* 2016 WL 6248462 (Del. Super. 2016).
[11] *Washington v. State,* 2017 WL 1573119 (Del. 2017).
[12] State's Resp. to Def.'s Second Mot. for Postconviction Relief, at 4, D. I. 182.
[13] Def.'s Second Mot. for Postconviction Relief, at 9, D.I. 173.
[14] *Id.*
[15] Def.'s Mot. for Postconviction Relief, D.I. 163, 164.
[16] D.I. 165.
[17] Def.'s Second Mot. for Postconviction Relief, D.I. 173.

5. In his second postconviction relief motion, Washington contended he was entitled to postconviction relief because newly discovered evidence created a strong inference that he was "actually innocent."[18] The State argued Washington was procedurally barred from asserting a claim under Rule 61 because: (1) it was untimely; (2) it was a successive motion; and (3) he raised claims that were not raised on direct appeal or in his first postconviction relief motion.[19] Additionally, the State argued that Washington had failed to overcome the bars to relief erected by Rule 61 because his claims were neither newly discovered, nor did they establish actual innocence.[20]

6. On November 9, 2021, this Court denied Washington's second postconviction relief motion.[21] This Court held that Washington's motion was procedurally barred under Rule 61 because it was untimely, successive, and raised grounds not asserted previously. Further, the Court held that Washington failed to overcome those bars because the evidence he produced was either not newly discovered, failed to establish actual innocence, or both.[22] The Delaware Supreme Court affirmed this Court on April 7, 2022.[23]

---

[18] *Id.*

[19] State's Resp. to Def.'s Second Mot. for Postconviction Relief, at 11-15, D.I. 182.

[20] *Id.* at 9.

[21] *State v. Washington,* 2021 WL 5232259 (Del. Super. Ct. Nov. 9, 2021).

[22] *Id.*

[23] *Washington v. State,* 2022 WL 1041267 (Del. 2022).

7.     Washington then asked this Court to set aside its judgment denying his second postconviction relief motion and grant him a new trial.  He moved under Superior Court Civil Rules 60(b)(1), (3) and (6) and 55(c).[24]  A second motion, captioned Motion to Amend and Supplement appeared only to seek to amend the motion to include a reference to Superior Court Criminal Rule 57(d).  Treating the motion as Washington's third postconviction relief motion under Rule 61, this Court summarily dismissed it as barred for substantially the same reasons it determined that his second Rule 61 motion was barred.[25]  That decision was affirmed on September 6, 2022.[26]

8.     On May 25, 2023, Washington moved to compel the various lawyers who had represented him in the course of his then closed litigation to produce their files to him.[27]  The Court noted that Washington had nothing pending before the Court, and had exhausted his postconviction relief remedies in the Superior Court.[28]  Thus, the Court considered the matter an attorney/client dispute unsuited for Court intervention and denied the motion.[29]

---

[24] D.I. 205.
[25] *State v. Washington,* 2022 WL 1656008, at *2 (Del. Super. May 24, 2022).
[26] *Washington v. State,* 2022 WL 4088664 (Del. Sept. 6, 2022).
[27] D.I. 214.
[28] D.I. 219.
[29] *Id.*

5

9. Washington appealed that decision. On August 14, 2023, the Delaware Supreme Court entered an order dismissing his appeal because it had no jurisdiction to consider it as an interlocutory appeal.[30]

10. Perhaps anticipating the Supreme Court's action, and while his appeal of this Court's June 30th ruling was pending, Washington moved for certification of an interlocutory appeal on August 8th.[31] In the motion, without elaboration, he asserted that he had met the requirements of Supreme Court Rule 42, and repeated his claim before this Court that his attorney was withholding exculpatory evidence that could show his innocence.[32]

11. After considering the motion, this Court found that its order denying Washington's Motion to Compel the production of his file did not warrant interlocutory review and denied the application.[33] On October 10, 2023, the Delaware Supreme Court dismissed his appeal of that decision.[34]

12. Next, Washington filed a Motion Requesting an "Injunctive Administrative Hearing" and or Review of Criminal Case # 0909018475 A/B for Relief do [sic] to Amended Rule 16 Discovery and Inspection in the Superior Court and Violations of Washington's Constitutional Rights, which the Court treated as a

---

[30] *Washington v. State,* 2023 WL 5218143 (Del. Aug. 14, 2023).
[31] D.I. 226.
[32] *Id.*
[33] *State v. Washington,* 2023 WL 5608445 (Del. Super. Ct. Aug. 30, 2023).
[34] *Washington v. State,* 2023 WL 66199437 (Del. Oct. 10, 2023).

fourth motion for postconviction relief.[35]  The Court viewed Washington's request as "nothing more than an attempt to invent a way to have the Court review his case outside of Rule 61."[36]  Because Rule 61 is the exclusive remedy afforded to inmates seeking to set aside a judgment of conviction, and because the motion ultimately sought to do exactly that, the Court treated it as Washington's fourth motion for postconviction relief and summarily dismissed it.[37]  That decision was affirmed on February 27, 2024.[38]  In its Order, the Supreme Court warned Washington that "if he continues to file appeals from orders dismissing untimely and repetitive claims in the Superior Court, he will be enjoined from filing future appeals without leave of the Court."[39]

13.  Nonetheless, Washington has now filed what amounts to his fifth untimely and repetitive postconviction relief motion.[40]  In it he raises four grounds for relief.  The first is captioned Abuse of Discretion.  In support of that claim, he offers the following and nothing more: "Trial Court abused its discretion over-looking Defendant [sic] due process right to fairly adjudicate claims showing his constitutional right of his 6th and 14th Amendment was violated."[41]  Grounds Two

---

[35] D.I. 229.

[36] *State v. Washington v. State,* 2023 WL 7140800 (Del. Super. Ct. Oct. 30, 2023).

[37] *Id.*

[38] *Washington v,. State,* 2024 WL 834777 (Del. Feb. 27, 2024).

[39] *Id.*

[40] D.I. 240.

[41] *Id.*

7

and Three allege ineffective assistance of both trial and appellate counsel. In support of Ground Two, Washington offers: "All appointed counsel's [sic] failed to investigate and exercise Defendant 'Due Diligence' by neglecting to subpoena a reliable known 'Alibi Witness' to testify Defendant is actually innocent beyond a reasonable doubt."[42] Ground Three states: "Appellate and trial counsel violated Defendant [sic] 6th Amendment right to investigate and/or fairly adjudicate a Brady violation claim demonstrating State's Attorney suppressing new reliable exculpatory evidence that could show movant [sic] actual innocence."[43] Finally, Washington's fourth ground alleges ineffective assistance of counsel against appellate counsel only: "Appellate Counsel violated Defendant [sic] 'Due Process' of the Conflict of Interest Delaware Professional Rules of Conduct. Thus violating Defendant [sic] constitutional right of the 6th Amendment to effective appellate counsel in order to fairly adjudicate constitutional claims."[44]

14. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[45] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[46] Under Delaware Superior Court Rules of Criminal

---

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[46] *Id.*

Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[47] A second or subsequent motion is repetitive and therefore barred.[48] The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[49] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[50] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[51] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[52]

---

[47] Super. Ct. Crim. R. 61(i)(1).
[48] Super. Ct. Crim. R. 61(i)(2).
[49] Super. Ct. Crim. R. 61(d)(2)(i).
[50] Super. Ct. Crim. R. 61(d)(2)(ii).
[51] Super. Ct. Crim. R. 61(i)(3).
[52] Super. Ct. Crim. R. 61(i)(4).

Additionally, "[t]his Court will not address claims for post-conviction relief that are conclusory and unsubstantiated."[53]

15.  Washington fails to overcome this last requirement. He claims for relief are entirely conclusory and unsubstantiated. Further, Washington has failed overcome Rule 61's bars to relief, at least three of which apply. The motion is untimely, repetitive, and, at least inferentially, raises issues formerly adjudicated.[54] To the extent it raises anything new, it is procedurally defaulted as well. He has failed to show cause for relief or prejudice from a violation of his rights.[55] Further, he has not overcome these bars to relief because he has not claimed that the Court lacked jurisdiction or pled *with particularity* actual innocence, or a newly recognized, retroactively applied, rule of constitutional law that renders his conviction invalid.[56]

16.  Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the

---

[53] *State v. Guinn,* 2006 WL 2441945, at *4 (Del. Super. Aug 16, 2021). *See also Gattis v. State*, 697 A.2d 1174, 1178-79 (Del. 1997); *Younger,* 580 A.2d at 556; *State v. McNally,* 2011 WL 7144815, at *5 (Del. Super. Nov. 16 2011); *State v. Wright,* 2007 WL 1982834, at *1 n.2 (Del. Super. July 5, 2007).

[54] The Court is confident that, had Washington more fully stated the facts upon which he bases his grounds for relief, they would track claims previously rejected by the Court, including claims of actual innocence.

[55] Super. Ct. Crim. R. 61(i)(3).

[56] Super. Ct. Crim. R. 61(i)(5); 61(d)(2)(i) and (ii).

movant is not entitled to relief.[57] Here, it is plain to the Court from the motion and the record in this case that Washington is not entitled to relief.

17. Because the Court summarily dismisses Washington's postconviction relief motion, it denies his Motion for Appointment of Counsel.[58]

**THEREFORE,** Defendant Michael T. Washington's Motion for Postconviction Relief is **SUMMARILY DISMISSED.** His Motion for Appointment of Counsel is **DENIED.**

**IT IS SO ORDERED.**

<u>**/s/ Ferris W. Wharton**</u>
Ferris W. Wharton, J.

---

[57] Super. Ct. Crim. R. 61(d)(5).
[58] *See* Super. Ct. Crim R. 61(e)(5).